BECK
v.
WILLIAMS.

*Monday,*
*November 23.*

---

BECK and Another *v.* WILLIAMS.

*Joel Williams* filed a *præcipe* in his right name for a writ; the clerk issued the writ in the name of *Joel Williamson;* and the plaintiff declared in his right name. *Held*, that the writ, as to the plaintiff's name, might be amended by the *præcipe.*

The making of such an amendment does not entitle the defendant to a continuance.

*Tuesday,*
*November 24.*

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—*Joel Williams*, the defendant in this Court, brought an action of debt in the Circuit Court against *Beck* & *Simpson*. The writ was issued in the name of *Joel Williamson*, but the plaintiff declared by the name of *Joel Williams*. The defendants pleaded the misnomer in abatement, whereupon the plaintiff moved the Court for leave to amend the writ by the *præcipe*. The Court gave the plaintiff leave to amend by striking out the name of *Williamson* and inserting *Williams*. The defendants then moved the

Court to continue the cause which was overruled, and judgment was given for the plaintiff. The questions submitted to us are, Did the Court err in permitting the plaintiff in the Circuit Court to amend his writ? 2. Were the defendants, after the amendment was made, entitled to a continuance of the cause?

Nov. Term, 1840.

The plaintiff, before the writ issued, filed a *præcipe* with the clerk of the Circuit Court, requiring a writ in the name of *Joel Williams,* that being the proper name of the plaintiff. The clerk, by mistake as we suppose, issued it in the name of *Joel Williamson.* This was a misprision of that officer. In such cases, where there is any thing to amend by, it is in the power of the Court to permit the amendment to be made, and they will exercise it when great injury would otherwise ensue. Petersd. Abr. tit. Amend. C.—1 T. R. 782, 3.—7 *id.* 295.—3 Ch. Gen. Pr. 235. The Court did right in permitting the amendment to be made in the present case.

There is nothing in the objection, that the Court erred in refusing to continue the cause. The declaration was right, and the amendment in the process did not surprise the defendants.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*C. B. Smith,* for the plaintiffs.
*C. H. Test,* for the defendant.