May Term, 1849.

NIMMON
v.
WORTHINGTON.

*G. S. Orth,* for the plaintiffs.

*A. S. White,* for the defendants.

---

NIMMON and Another *v.* WORTHINGTON and Another.

Assumpsit on a promissory note. The *præcipe* and declaration set out the christian and surnames of the plaintiffs, but the writ was in favor of "*W.* and *H.*," omitting their christian names. The Court permitted the writ, after the declaration had been filed, to be amended so as to correspond with the *præcipe* and declaration, and refused to the defendants a continuance asked for on that account. *Held,* that there was no error in this.

The declaration described the note as for 388 dollars and 88 cents. The note offered in evidence was for 308 dollars and 88 cents. The defendants objected to the note as evidence because of the varience. The Court permitted the plaintiffs to amend their declaration to make it agree with the note in this particular. *Held,* that there was no error in this.

It is not necessary to prove the indorsement of a note by an agent, unless the indorsement is denied under oath.

*Tuesday, June 5.*

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by the defendants in error against the plaintiffs in error. The suit was founded on a promissory note, alleged, in the declaration, to be payable to *A. A. Valentine,* and to be endorsed by him to the plaintiffs.

Plea, non-assumpsit, without being sworn to. The cause was submitted to the Court, and judgment rendered for the plaintiffs below.

The declaration commences as follows: *Ellis Worthington* and *John Haugh* complain of *Adams Nimmon* and

John A. *Colerick*, of a plea of trespass on the case on promises, &c.

After the declaration was filed, the defendants below moved the Court for leave to amend the writ by the *præcipe*. The *præcipe* was for a writ in favor of *Ellis Worthington* and *John Haugh*. The writ was in favor of " *Worthington* and *Haugh*," omitting their christian names. The Court permitted the amendment to be made. The defendants below, afterwards, pleaded, as stated above, and moved the Court for a continuance of the cause, on account of said amendment of the writ. The continuance was refused. There was no error in either permitting the amendment to be made, or in refusing the continuance. *Beck* v. *Williams*, 5 Blackf. 374.

The note sued on is described in the declaration as a note for the payment of 388 dollars and 88 cents. The note offered in evidence is for the payment of 308 dollars and 88 cents. The defendants below having objected to the note as evidence because of the variance, the Court permitted the plaintiffs below to amend the declaration so as to make it agree with the note as to the amount. There was no error in permitting the declaration to be thus amended. Such amendments are expressly authorized by the statutes. R. S. 1843, p. 715, s. 240.

All the evidence given in the cause was the note sued on, and the following indorsement on the note: " Pay *Worthington* and *Haugh* or order.—A. A. *Valentine* by *J. W. Valentine*, attorney." The defendants below moved for a new trial on the ground of the insufficiency of the evidence to sustain the judgment; but the motion was overruled. They contend that there ought to have been proof of *J. W. Valentine's* authority to make the indorsement on the note for the payee. That proof would no doubt have been necessary, if the indorsement had been properly denied under oath. But there was no such denial, nor was the indorsement even objected to when offered in evidence. The consequence is, that it must now be considered that the indorsement, as well as the note, was le-

May Term, 1849.

gally before the Court. The motion for a new trial was, therefore, correctly overruled.

*Per Curiam.*—The judgment is affirmed with 8 *per cent.* damages and costs.

*J. B. Howe*, for the plaintiffs.

*W. H. Combs*, for the defendants.