Nov. Term,
1851.

USHER
v.
CORNWELL.

*J. Morrison* and *S. Major,* for the defendant.

------

USHER *v.* CORNWELL.

In a suit by an infant before a justice of the peace, the naming of a person as next friend, in the summons, may be considered as an appointment of the person as next friend.

A defendant who was sued by an infant before a justice of the peace, appeared to the suit before the justice, went to trial on the merits, and suffered judgment to be rendered against him, without making the objection that the next friend of the infant had not consented in writing to his appointment. The cause was appealed to the Circuit Court, where the defendant moved to dismiss the suit for the want of such written consent of the next friend; but the Circuit Court was not informed, by affidavit or otherwise, that the defendant did not know of the omission complained of, whilst the suit was pending before the justice. *Held,* that the Circuit Court correctly refused to dismiss the suit.

Saturday,
December 6.

ERROR to the *Clay* Circuit Court.

BLACKFORD, J.—This suit, which was founded on contract, was commenced before a justice of the peace, and was taken by appeal to the Circuit Court.

The justice's transcript is to the following effect:

*James M. Cornwell,* by his next friend, *George H. Cornwell,* v. *Moses Usher.*

This action is founded upon an account. Damages $30.00.

Be it remembered that on this 27th of *June,* 1850, the

plaintiff filed in my office the following account as a <span>Nov. Term, 1851.</span>
cause of action, to-wit:

<span>USHER v. CORNWELL.</span>

"*Moses Usher* to *James M. Cornwell*, Dr. To three months' work at ten dollars per month, $30.00. *June* 27th, 1850. *James M. Cornwell.*"

Whereupon a summons issued made returnable on the 2d of *July*, 1850, at ten o'clock, A. M., and one subpœna for plaintiff's witnesses. Summons returned indorsed served 28th *June*, 1850, by copy; also subpœna returned served. The parties appeared; and the cause being called, the witnesses sworn and examined, and all things touching the same fully heard, it is considered that the plaintiff recover of the defendant the sum of 26 dollars and 90 cents damages, and 3 dollars and 36 cents costs, with interest till paid, and the defendant in mercy, &c. Given under my hand and seal this 2d of *July*, 1850 *Wesley Davis*, J. P., [seal].

This transcript, duly certified, was filed in the clerk's office on the 17th of *July*, 1850. At the next ensuing term of the Circuit Court, to-wit, in *September*, 1850, the parties appeared, and the defendant moved the Court to dismiss the cause.

The grounds of the motion were, that the plaintiff was an infant; that no *prochein amy* had been appointed for him by the justice; and that no person had consented in writing to act as *prochein amy* for the plaintiff.

It was shown that the plaintiff was an infant; that, on the day the summons of the justice issued, *George H. Cornwell* filed with the justice his written acknowledgment as security for costs; and that the summons required the defendant to answer the plaintiff, by his next friend *George H. Cornwell*, of a plea, &c.

The motion was overruled.

The cause was afterwards tried by the Court, and judgment rendered for the plaintiff for 26 dollars and 90 cents, with costs.

The overruling of the motion to dismiss the suit is the only error assigned.

We think that the naming of a person as *prochein amy*,

Nov. Term, 1851.

USHER
v.
CORNWELL.

by the justice, in the summons, may be considered as an appointment of such person as *prochein amy*.

We have further to inquire whether the fact that the *prochein amy* had not, in terms, consented in writing to his appointment, required the Circuit Court to dismiss the suit.

The statute says that, whenever requested, the justice shall appoint some suitable person, who will consent thereto in writing, to be named by such [infant] plaintiff, to act as his next friend in such suit, who shall be responsible for the costs therein: R. S. p. 869.

In this case, the *prochein amy* agreed in writing to be responsible for the costs ; but the defendant says that such agreement is not a written consent to his appointment.

This is, certainly, a very technical objection, and one which, at all events, does not show the summons to be a nullity. The omission of the written consent in question, was, at most, but a mere irregularity, which the defendant might subsequently waive, or take advantage of, as he should think proper. If, however, he wished to object to the irregularity, he should have made the objection in the first instance. Here, the defendant appeared to the suit before the justice, went to trial on the merits, and suffered judgment to be rendered against him, without making the objection. The Circuit Court were not informed, by affidavit or otherwise, that the defendant did not know of the omission complained of, whilst the suit was pending before the justice. The Circuit Court, under these circumstances, were justified in refusing to dismiss the suit. The objection, if otherwise available, was made too late. It had been waived by the proceedings before the justice.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. P. Usher*, for the plaintiff.

*J. Cowgill*, for the defendant.