May Term,
1853.

BEATTY
v.
GATES.

BEATTY *v.* GATES.

The existence and terms of a judgment must be established by the production of the record.

It is the province of the Court, and not of the jury, to determine the construction to be given to a written agreement.

*Monday,*
*May* 30.

ERROR to the *Kosciusko* Circuit Court.

ROACHE, J.—The defendant in error commenced a suit before a justice of the peace, by filing the following written agreement, with the proper averments, as his cause of action:

"Be it remembered, that on the 23d day of *November,* 1847, *Merrill Gates* and *Dempster Beatty* have hereby agreed to settle all the difficulties and accounts of whatsoever name, on the following terms, to-wit: the said *Gates* is to have the cattle and yoke and chains that have been in dispute between them, and pay the costs of a suit before *A. McCowen,* Esq., and said *Beatty* is to pay the costs of a suit between them before *William B. Wade,* Esq. Said *Beatty* also agrees to withdraw an appeal cause now in the Circuit Court between said parties; and this is intended by said parties to be a full and final receipt between them of all debts, dues, and demands whatsoever. *Merrill Gates, Dempster Beatty.*"

The case was appealed to the Circuit Court, where there was a trial by jury, and a verdict and judgment for the plaintiff below.

By a bill of exceptions, it appears that on the trial the plaintiff offered to prove by the president judge, that at sometime previous to the date of the writing sued on, a suit had been pending in the *Kosciusko* Circuit Court between the parties to this suit, in which the Court had adjudged the oxen to belong to *Beatty.* The defendant objected, but the objection was overruled, and the testimony went to the jury.

It was, in effect, proving the contents of a record by parol. After laying the proper foundation, by the pro-

duction of the record, it might have been competent to introduce parol proof to identify the parties and the subject matter of controversy; but the existence and terms of a judgment must be established by the production of the record. 1 Greenl. Ev. 162, s. 86.

It was proved that both parties knew, when they entered into the agreement, that one of the oxen mentioned therein, had been dead for months, and that the other was not, and had not been for sometime, in the possession of either party, but had been running at large.

After the testimony was closed, the Court gave the following instructions to the jury, which were, at the proper time, objected to by the plaintiff in error.

1. "If at the time this compromise was made, one of the oxen was dead, and *Gates* knew it, he cannot recover for that ox from this defendant, if the jury are satisfied from the evidence that *Gates* agreed to take the oxen as they then were.

2. "If, from the evidence, the jury believe that the writing sued on was a sale by *Beatty* to *Gates*, and that *Beatty* received satisfaction therefor by compromise of a pending suit, or otherwise, then, if both oxen were dead before suit, before demand was made for them, the loss must fall on the purchaser, *Gates*. But if the jury believe, from all the evidence in the case, that the paper sued on contains the terms of a settlement in which the plaintiff sues to have either the oxen when delivered, or the value of them if not delivered, then, if the oxen were not delivered, the plaintiff is entitled to recover their value."

The language of these instructions is somewhat vague; but in any view that can be taken of them, it is very clear that they were both erroneous. The jury were, in effect, directed to give a construction to the written agreement sued on. This was the province of the Court. The jury should have been told they were to take the construction of the agreement from the Court, and that their province was to determine, from the evidence, whether the defendant below had been guilty of a breach of this written con-

May Term,
1853.

tract, thus construed by the Court. *Harris* v. *Doe*, 4 Blackf. 369.—*The Richmond Tr. & Man. Co.* v. *Farquar*, 8 *id.* 89.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.