May Term, 1854.

THE STATE
v.
BRYANT.

---

### THE STATE for the use, &c., *v.* BRYANT and Another.

Trespass *quare clausum fregit.* The declaration was filed in the name of the state for the use of the inhabitants of congressional township No. 21, &c., and contained two counts, in which the defendants were charged with having broken and entered into a school-house belonging to district No. 7 in said township, &c. After a demurrer had been sustained to one count, and issues of fact had been formed upon the other, the plaintiff moved for leave to amend the declaration by striking out the words "for the use of the inhabitants," and inserting in their stead the words "for the use of school district number seven." The Court having allowed the amendment, the plaintiff afterwards asked leave to amend the writ so as to make it conform to the declaration, but the Court overruled the motion, and the suit was dismissed, on the motion of the adverse party, for the variance.

*Held,* that the amendment of the declaration was properly allowed.

*Held,* also, that leave to amend the writ ought to have been granted.

Friday,
June 2.

ERROR to the *Tippecanoe* Circuit Court.

DAVISON, J.—This was an action of trespass *quare clausum fregit.* The declaration was originally filed in the name of the state, for the use of the inhabitants of congressional township number 21, in range number 3, &c. It contains two counts, in each of which the defendants were charged with having broken and entered a certain school-house belonging to district number 7, in township number 21, of range number 3, &c. Two pleas were pleaded to the first count, which led to issues of fact. To the second count there was a demurrer sustained.

At this stage of the proceedings the plaintiff moved for leave to amend the declaration, by striking out the words "for the use of the inhabitants," and inserting in lieu

thereof "for the use of school district number seven." <span>May Term, 1854.</span>
Leave was granted, and the declaration amended accord-
ingly.   This amendment, however, produced a variance    AKER
between the declaration as amended and the writ; and on  v.
                                                         THE STATE.
account of that variance the defendants moved to set aside
the declaration.   Pending that motion the plaintiff asked
leave to amend the writ so as to conform with the amended
declaration.   This the Court refused; but the defendant's
motion was sustained; the declaration was set aside; and
judgment given against the plaintiff.

The Circuit Court very correctly permitted the plaintiff
to amend her declaration; and we think an amendment of
the writ should also have been allowed. 'An act in force
at the time of these proceedings, provided that "the Court
in which any action is pending may give leave to amend
any process, pleading, or proceeding in such action, either
in form or substance, for the furtherance of justice." R. S.
1843, c. 40, s. 228.   That provision evidently applied to the
case before the Court.   From the amendment of the writ
no injustice could have resulted to the defendants.   They
had filed pleas to the merits, upon which issues of fact
were raised.   No doubt they were sufficiently apprised of
the commencement and pendency of the suit.   It appears
to us that the "furtherance of justice" required the Court
to grant leave to amend the writ.   8 Blackf. 5.—1 Ind. R.
17, 54.—3 Ind. R. 216.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*D. Mace*, for the state.