## ILSLEY *vs.* HARRIS.

### APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 18, 1859.]          [Decided December 14, 1859.

### *Capias—Bail—Partnership.*

If a party arrested on a defective process, put in special bail for his appearance, he thereby waives all objection to the process.

Where several partners made an assignment of their joint property, and afterwards one of the partners unlawfully obtained possession of a portion of it, and converted it to his own use, he may be arrested for such cause of action, and held to bail under the code.

The court will not vacate an order for arrest because the officer making the arrest does not serve the copy of the affidavits for the space of two hours after the arrest is made, if the arrest is otherwise regular and proper.

An order for arrest of the defendant in a suit, is a *writ* or *process* within the consti-
tution, and should run in the name of "the state of Wisconsin;" but such style
is matter of form, and may be amended on motion.

The facts of this case can be gathered from the opinion of
the court, and will not be restated.

*Smith, Keyes, & Gay,* for the appellant, insisted that the or-
der of arrest should have been vacated by the court below,
because it was irregular on its face. The constitution pro-
vides that "the style of all writs and process shall be *The
State of Wisconsin.* Process signifies the writ or judicial
means by which the defendant is brought to answer. Bonv.
Dic. "Process."

The order of arrest is directed to the sheriff for execution,
is a substitute for the old writ of capias, and is the judicial
means by which the defendant is brought to answer. It is a
process within the meaning of the constitution; it is not in
this case styled in accordance with the requirements of the
constitution. It is, therefore, irregular on its face, and should
be vacated, the defendant not having waived any defects in
the process by a general appearance. *Sprague vs. Birchard,*
1 Wis., 469; *Little vs. Little,* 5 Mo., 227; *Fowler vs. Watson,*
4 id. 27.

The sheriff must, "upon arresting the defendant," serve
upon him a copy of the affidavit on which the arrest is made.
Code, sec. 92.

*Abbott, Gregory, & Pinney,* for the respondent. The or-
der for arrest is not a writ or process within the meaning of
the constitution.

*By the Court,* COLE J. This is an appeal from an order
of the circuit court of Dane County, refusing to vacate an or-
der for the arrest of the appellant. The affidavit and order
for the arrest were made on the 24th day of November, 1858,
and upon that day, the appellant being arrested, gave satisfac-
tory bail and was discharged. On the 2d of December the
appellant obtained a rule, or order, based upon his own affi-
davit, and the affidavit and order for arrest, for the plaintiff in
the action, to appear and show cause why the order of arrest

should not be vacated. The reasons assigned in the order to show cause, &c., and which reasons are principally relied upon in this court, to show the incorrectness of the ruling of the circuit court in refusing to vacate the order of arrest, are the following: 1. Because the said order of arrest is irregular in this, that it is not styled "The State of Wisconsin," as required by law. 2. Because the said order of arrest was improperly granted, for the reason that the affidavit upon which said order was made, does not disclose a case wherein an order of arrest can be made by law. 3. Because it appears from the said affidavit of the defendant herein, hereto annexed, that no cause of action existed on the part of the said plaintiff against the said defendant in this action, wherein an order for the arrest of the said defendant can by law be made. 4. Because no copy of the affidavit on which said order of arrest was granted in this action, was served on said defendant at the time when the said defendant was arrested, under said order, as is required by law.

We will now proceed to notice these objections, which fairly present all the questions arising upon this appeal. Assuming that the position of the counsel for the appellant is correct, that the order for the arrest is a process or writ within the true intent and meaning of section 17, art. 7 of the constitution, and should run in the name of "The State of Wisconsin," and that the order in this case was irregular upon its face, for not being so styled; still, we think this irregularity is waived, by the appellants putting in bail to the action. In the case of *Wright vs. Jeffrey,* 5 Cow., 15, where the suit was commenced by a *capias,* returnable on Sunday, and the defendant had put in special bail, without knowing this fact, the court held that the defect had been waived. *Vanderpool vs. Wright,* id., 209; *Pixley vs. Winchell,* 7 id., 366; *Bronson vs. Earl,* 17, J. R., 63; *Stewart vs. Howard,* 15 Barb. S. C., 26; and other authorities cited in 1 Bur. Prac., 474. If

the appellant wished to preserve his right to object to the order because it did not run in the name of the state, and was, therefore, irregular and void, he should have raised that objection before putting in bail. He must now be deemed to have waived it.

The next objection is that the order of arrest was improperly granted, for the reason that the affidavit upon which it was made, does not disclose a case wherein an order of arrest can be made. The affidavit was made by Edward D. Ilsley, as agent for the respondent, who stated therein in substance, that prior to the 25th of October, 1858, Tibbitts, Gordon, and the appellant, were partners, doing business at Madison; that on that day the partnership was dissolved, and by the consent and asssignment of each of said partners, all the property and effects of the firm were transferred to, and placed in the respondent, as the trustee for the benefit of said firm, and to be used and applied by him in paying and discharging the debts and liabilities of said firm; that the respondent accepted the trust; that certain moneys, which were specified in the affidavit, were transferred by the assignment; and that the appellant, without right or authority so to do, obtained possession of said money, and wrongfully appropriated the same to his own use. From these statements we are compelled to assume that there was a valid assignment made by the partners of the partnership property, for the benefit of creditors, and that the money in controversy was embraced in the assignment. That being the case, if the appellant unlawfully obtained possession of it, and converted it to his own use, it would constitute a wrongful conversion, for which an action of trevor would lie under the old practice. It is very manifest that the appellant might be arrested for such a cause of action under the code, section 87.

We shall not refer, with any great particularity to the affidavit of the appellant, which was taken to show that no cause

of action existed against him, for wrongfully taking and converting this money.   He states facts tending to show that most of this money was in his possession before the assignment; that it was not transferred to, or ever come to the possession of the assignee, but was charged to him upon the books of the firm, in making up the cash account, on the 26th day of October, &c.   In view of the matters set forth in the counter affidavits of Ilsley and Baker, there is strong reason for supposing that the appellant is mistaken, to some extent, in these statements.   So it appears to us from these affidavits.   But as these matters will undoubtedly be the subject of investigation and inquiry before the jury, it would be improper for us to express any further opinion in reference to them.   From all the facts set forth in the affidavits on both sides, we think it appears that the respondent had the right to arrest the appellant; but the truth of these facts may be successfully controverted when the action is tried upon the merits.

The fourth ground relied on for vacating the order of arrest, namely, that there was no copy of the affidavit served, is not sustained by the return of the officer, who returns that he did serve such copy at the same time of the arrest.   The appellant alleges in his affidavit that no copy was served upon him until he had been about two hours in custody. Even if this were so, it would not constitute a sufficient ground for vacating the order, under the circumstances of this case.

The order of the circuit court is affirmed.

Dixon, C. J., took no part in the decision of this case, as the same was tried before him at the circuit.

[A motion for a rehearing having been granted in this

Ilsley vs. Harris.

case, the following further opinion was filed on the 4th day of June, 1860.]

PAINE, J.   A motion for a rehearing was granted in this case, for the reason that it was formerly decided upon the ground that the defendant had waived all objection to the order of arrest, by putting in bail; overlooking the specific provision of the code, that the motion may be made at any time before the justification of bail.   Under that provision it would seem that the motion was in time.   But we are still of the opinion that it was properly overruled.   For although we think an order of arrest is a process within the meaning of the constitution, which requires all process to run in the name of " The State of Wisconsin," yet it was a matter of form, and the defect was amendable.   The authorities cited by the counsel for the respondent on the rehearing, established the position that an amendment may be allowed to cure a defect arising from the non-observance of a constitutional direction, as well as of a statutory one.   We think the court should have allowed an amendment of the order, and not have vacated it for that reason, and, therefore, we affirm it as before.

NOTE.—The authorities referred to as cited by counsel, are *Parsons vs. Swett*, 32, N. H., 87; *Ripley vs. Warren*, 2 Pick., 592; *Lovell vs. Sabine*, 15 N. H., 37; *Marston vs. Bruchett*, 9 id., 336, 349; *Whiting vs. Beebee*, 7 Eng., 536; *Reynolds vs. Donnell*, 19, N. H., 394; *State Bank vs. Buckmaster*, Breese, 133; *Norton vs. Dow*, 5 Gilm., 459; *McCormick vs. Meason*, 1 S. & R., 97.