## ANDERSON and another vs. MORRIS.

Where, in an action against a vessel for seaman's wages, before a justice of the peace, the complaint, which was in writing and signed by the plaintiff, was verified only by the following *jurat* added thereto: "Subscribed and sworn before me, this, &c.," signed by the justice before whom said suit was brought, and the master of the vessel appeared and admitted a certain sum to be due the plaintiff, for which judgment was accordingly rendered: *Held*, that if there was a defect in the verification of the complaint, which would otherwise have been fatal, it was cured by the master's appearing and going to trial, without objection to the complaint.

ERROR to the Circuit Court for *Racine* County.

*Anderson* and *Edwards* sued *Morris* for negligence in allowing the schooner Amelia to be removed from his county, after he had lawfully taken possession of it, as sheriff, under certain legal proceedings, instituted by them against one Carswell, to recover possession of said vessel. On the trial, the plaintiffs, for the purpose of showing their title to the vessel, offered in evidence the following entry in the docket of a justice of the peace: "Henry Taylor vs. Schooner Amelia. Before J. H. Hinds, Justice, 1857, September 18. An affidavit of plaintiff taken and filed, and warrant issued against the schooner Amelia; warrant returned same day by deputy marshal Roberts; schooner Amelia attached and in his custody; Robert Tapling, the master of said schooner, appeared for the vessel. The plaintiff offered the order of the master in evidence. The master admits that there is due the plaintiff for wages $29 35. Judgment is, therefore, rendered against the schooner Amelia for $29 35, with costs, &c. J. H. HINDS, Justice of the Peace." The defendant objected to the evidence, unless it was shown that the justice had jurisdiction. Objection over-

June Term,
1860.

ANDERSON et al.
v.
MORRIS.

ruled, the defendant .excepting, and the entry read.    The plaintiffs then offered in evidence the complaint in said action, which was signed by said Taylor, and to which was appended the following:  "Subscribed and sworn before me, this 18th of September, A. D. 1857.    J. H. HINDS, Justice Peace;" to which the defendant objected, because it was not verified as required by the statute; and the court sustained the objection, the plaintiffs excepting.    Said justice, as a witness for the plaintiffs, testified that Robert Tapling acted as master and captain of the schooner Amelia, and that on the trial of the case of *Taylor vs. Schooner Amelia,* he appeared on behalf of the vessel, and admitted that the amount · for which judgment was rendered was due to the plaintiff; and that he also appeared in behalf of said vessel in four other cases in which suit was brought before him against her, and made a like admission in each case.    The plaintiffs offered in evidence entries upon said docket, of the proceedings and judgments in said four cases, which were of the 9th and 10th of November, 1857.    The same objections were made to the complaints in said cases, as to the complaint in the case of *Taylor vs. Schooner Amelia,* and the same ruling made and exception taken.    Another witness also testified that said Tapling was master of the schooner Amelia in September, October and November, 1857.

The plaintiffs offered to prove that said vessel was sold under orders of sale, issued upon said judgments; and that they had bought the vessel from the purchaser at such sale, and also offered in evidence the record of their suit against *Carswell,* but the court excluded the evidence as immaterial, on the ground that the justice had no jurisdiction to render said judgments.    The jury, under direction of the court, found a verdict for the defendant.    Judgment on the verdict.

*Paine & Millet,* for plaintiffs in error, contended that the alleged irregularity in the verification of the complaint, did not affect the jurisdiction of the justice (R. S., 1849, chap. 116; 16 Wend., 36; *Hilliard vs. Austin,* 17 Barb., 141; *Foster vs. Hazen,* 12 id., 547 ; *Rector vs. Drury,* 4 Chand., 24); and that the defects were waived by the master's appearing and answering to the merits.    Sec. 7, chap. 116, R. S., 1849;

2 Hill, 517, 657; 5 id., 120; 6 id., 44; 2 Pick., 591; 15 Ohio, 433.

*Strong & Fuller*, for defendant in error, contended that the complaint was not verified by affidavit, as required by statute (R. S., chap. 150, sec. 4; chap. 125, sec. 19); that the verification should be essentially in the language of the statute (12 How. Pr. R., 64; 11 id., 374); that this being a special proceeding *in rem*, and giving the justice summary jurisdiction to a far larger amount than he has in other cases, and being intended to convey title, the jurisdictional defects could not be cured, and the rights of mortgagees, or others interested in the vessel, barred, by the master's appearing in the case, unless the statute was strictly complied with; and that the justice had no jurisdiction over the vessel. 5 Wis., 91.

*By the Court*, COLE, J. The principal objection taken to the complaint in the case of *Taylor vs. Schooner Amelia*, is, that the same was not properly verified. Sec. 4, chap. 116, R. S., 1849, declares that the complaint shall set forth the plaintiff's demand in all its particulars, and on whose account the same accrued. It shall be verified by the affidavit of the plaintiff, or some credible person or persons for him, and shall stand in lieu of a declaration. In the present case the complaint was signed "Henry Taylor," and a *jurat* was added in this form: "Subscribed and sworn before me, this 18th day of September, A. D., 1857. J. H. HINDS, Justice Peace." Now assuming that the complaint was not "verified by affidavit" in the manner required by the statute, still we think this irregularity was cured by the master's appearing in the action and going to trial on the merits. Sec. 7 provides that the master, owner, agent or consignee of the boat or vessel, may appear on behalf of such boat or vessel and plead to the action. The master, then, was fully authorized to appear for the boat, and if the complaint was not properly verified, he should have taken an objection to it on that ground, instead of proceeding to trial. Having proceeded to trial, the defect in the complaint—if there was one—must be deemed to have been waived. *Ilsley vs. Harris*, 10 Wis., 95; *Bromley vs.*

June Term, 1860.

ANDERSON et al.
v.
MORRIS.

November 19.

June Term, 1860.

*Smith*, 2 Hill, 517; *Malone vs. Clark*, id., 658; *Swartwout vs. Roddis*, 5 Hill, 118; *Koon vs. Mazuzan*, 6 id., 44; *Lamoure vs. Caryl*, 4 Denio, 370.

The circuit court, therefore, improperly excluded the complaint offered in evidence. The irregularity in the complaint did not render it void. It contained all the necessary allegations to give the justice jurisdiction, and was sworn to, but not verified by a technical affidavit. It undoubtedly came within the spirit of the statute, if not within the letter, and the defect was cured by the master's appearing and going to trial.

The judgment of the circuit court is reversed, and a new trial ordered.