*E. P. Ferris*, for appellant.

---

THE EVANSVILLE AND CRAWFORDSVILLE RAILROAD COMPANY *v.*
LAWRENCE.

PRACTICE.—Objection was made in the court below to the return of the service of the summons, because the return "showed service upon ——— Bush." The objection was obviated by amendment. A question is now made in this court as to the sufficiency of the mode of the service.

*Held*, that there was an implied admission in the form of the objection made, that the manner of the service of the summons was not questioned.

*Held*, also, that it is important that all objections which do not affect the real controversy, and which, if suggested, might have been cured by amendment, should be so distinctly made in the lower court that judgments should not be liable to reversal upon points never before the mind of the presiding judge of such court.

APPEAL from the *Vanderburgh* Circuit Court.

FRAZER, J.—This suit originated before a justice of the peace, and was brought to recover for a cow killed on the appellant's railroad by its cars, the road not being fenced. There was a default of the defendant before the justice, and a judg-

ment for the plaintiff. On appeal, the defendant, in the Circuit Court, moved, as appears by a bill of exceptions, " to dismiss said action, because the constable's return showed service upon ——— *Bush*, a conductor, and was therefore insufficient." The return was thereupon, on leave, amended by filling the blank with the christian name, *Alonzo*, so that when amended it was as follows: " I served this writ on *Alonzo Bush*, conductor of the within named road, by reading, *May* 8, 1867," and then the defendant's motion was overruled. This ruling is the only thing before us for review.

It is urged that the return, as amended, was defective: 1. Because it should have shown service by copy. 2. Because it should have shown that the service was upon a conductor on defendant's road. We think that the second objection is fully met by the return itself. The first objection was not made below. The motion did not call the attention of the court to any defect in the mode of service, but only to the uncertainty as to the person upon whom it was made, on account of his christian name being omitted. Reading the summons to the conductor is not service, under the statute providing for service on a conductor. Acts 1863, p. 25. The motion, however, expressly stated that the return "showed service upon ———— *Bush*." This would imply, and would be understood to mean, that the manner of the service on *Bush* was not questioned. Doubtless the present question was overlooked, and was not therefore intended to be raised below by the motion, or it would not have been concealed, as the form of the motion was well calculated to do. Had it been, possibly it could have been avoided by amendment, or if not the motion would have been granted. It is of consequence in the administration of justice that all such questions shall be so distinctly made in the lower court, that judgments shall not be liable to reversal upon points never before the mind of the presiding judge, which do not affect the real controversy, and which, if suggested, might have been obviated. The

tendency of the decisions, under the code, has long been in that direction in this court, and indeed in the courts of other states, where similar codes have been adopted.

The judgment is affirmed, with costs, and two per cent. damages.

*A. Iglehart,* for appellant.

*S. R. Hornbrook,* for appellee.