Lake, Ch. J.
This is a petition in error from Thayer county. The case presents but a single question for our decision.
Although presented in a variety of forms there is really but a single objection.in this record to the action of the district court, which was its refusal to dissolve the attachment and release the property upon which it had been levied. There were two motions to quash the order of attachment filed, the first one oh the twenty-first day of May, 1873, which was overruled on the twelfth day of June, next following, and the second, filed June 10th, 1874, which on motion was stricken from the files of the court.
This last named motion was properly stricken from the files. It is a wholesome rule of practice not to entertain a second motion, where one for the same purpose has already been heard and overruled, unless leave to file it has been specially given. All of the reasons existing at the time of filing the first motion showing that it *383 ought to be sustained, save that of want of jurisdiction, should be included therein, and thus be brought to the attention of the court, or they may be treated as waived. Where however there has been an omission to do so through mere inadvertence, or want of knowledge of the existence of a material fact, and there is a desire for a ruling on the matter omitted, the proper course to pursue is, first to obtain leave to file a new motion, in which it may be included, and the court requested to consider it. The granting of such leave is a matter resting entirely in the discretion of the court to which the application is addressed. This leaves us with the first motion only to deal with. It was objected by this motion:
First. “ That no petition had been filed as required by law.” This objection was based solely upon the fact that the name of the court at the head of the petition was given as the “ Supreme Court of the state of New York.” This was good ground for a motion to require the plaintiff to amend his petition, but it was not sufficient to warrant a dissolution of the attachment. But even if the mistake in the name of the court had been fatal, it ought to have been more specifically stated; the objection was too general. Wilson v. Wetmore, 1 Hill., 216.
Second. It was objected “that the affidavit upon which the order of attachment issued does not describe the nature of the plaintiff’s claim.” This assignment is untrue in fact. The affidavit upon which the order issued, set forth “that the plaintiff’s claim in this action is upon a promissory note, set forth and described in the complaint in this cause.” This was a sufficient description of the cause of action in the affidavit.
Third. And it was further objected, that “said order of attachment is not made returnable according to law.” The order itself shows that it was returnable on the second Monday after it was issued. This was correct. The order was issued at the commencement of the action. *384 In sucli case the return day must be the same as that of a summons (Sec. 203, Code), which is the second Monday after its date. Sec. 66, Code of Civil Procedure.
There were several other objections but they were not urged upon the argument, and it is not worth the while to notice them, as they are clearly frivolous. The chief objection, and the one pressed more strongly upon our attention than any other, was that the order of attachment did not run, “ In the name of the People of the State of Nebraska.” This point was not made in the first motion, but was in the second. While the order was clearly defective in this respect, it was not fatally so. It was merely voidable, not void. It was a defect curable by amendment. State v. Bryant, 5 Ind., 192. And it makes no difference that the omission is of a constitutional requirement, this as well as one that is statutory, merely, may be amended. See, Illsley v. Harris, 10 Wis., 95, which is a case in point.
We discover no error in this record, and the several orders of the district court are therefore affirmed.
Judgment accordingly.