GREENMAN v. COHEE, BY HIS NEXT FRIEND.

61 201
125 18
61 201
134 584

INFANCY.—*Action by Next Friend.—Amendment.—Practice.*—Where the defendant in an action pleads, that the plaintiff, though an infant, had not commenced his action by next friend, the court may allow a responsible person to appear as next friend, and file the proper undertaking, even over the objection of the defendant.

CHAMPERTOUS CONTRACT.—The fact that a contract is champertous may be brought to the attention of the court where it is the foundation of an action, or a defence, between the parties thereto.

SAME.—*How Available to Third Person.*—Where, in the course of the trial of an action not founded on a champertous contract, it incidentally appears that the action is being prosecuted by the plaintiff's attorney, under a champertous contract, the court may at once dismiss the action.

SAME.—*Supreme Court.—Practice.*—To present to the Supreme Court, on appeal, a question as to the action of the court below, where such champer-

tous contract incidentally appears, there should be a motion to dismiss for that cause, and exception taken at the time to the action of the court thereon.

From the Tippecanoe Circuit Court.

*J. R. Coffroth, M. Jones, J. L. Miller, G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*W. C. Wilson* and *J. H. Adams,* for appellee.

Perkins, J.—This cause is before us upon a second submission, a rehearing having been granted after the opinion rendered upon the first.

In deciding the cause upon the present submission, we adopt a part of the opinion delivered upon the former.

" Suit brought by John W. Cohee, against the appellant, for an assault and battery and false imprisonment.

"Answer: 1. General denial.

" 2. That Cohee is a minor and the suit was brought without a next friend.

"After answer filed, Samuel B. Cohee appeared as next friend, and filed the proper undertaking. This was allowed by the court over the objections and exceptions of the appellant.

" Reply; trial by jury; verdict for appellee.

" The usual motions, rulings and exceptions were then had, to present the questions of law and fact to this court. Appeal and assignment of errors.

" The following points are made by the appellant:

" 1.   That, as the suit was commenced by a minor without a guardian or next friend, it was error to allow a next friend to appear for him afterward.

" The statute is as follows:

" " ' Sec. 11.   Before any process shall be issued in the name of an infant, who is a sole plaintiff, a competent and responsible person shall consent in writing to appear, as the next friend of such infant, and such next friend shall be responsible for the costs of such action, and thereupon process shall issue as in other cases; but where it shall appear to the court that such next friend is incompetent, or

irresponsible, the court may remove him, and permit some suitable person to be substituted, without prejudice to the progress of the action.' 2 R. S. 1876, p. 37.

" There has been no authoritative construction of this section, we believe, upon the question presented in this case; but there have been cases decided under our statute of amendments, section 99 of the same act, 2 R. S. 1876, p. 82, which, we think, will conduct us to a proper decision in the present case.

" It has been held, that a writ may be amended, and the return upon it; that the name of the coroner who made the service may be substituted for that of the sheriff; that the misnomer of a party may be corrected, or other parties substituted; a variance between the process and complaint may be amended; and that amendments in the process, return, complaint, answer, reply, or an exhibit, may be made at any time within the discretion of the court, where such an amendment will not substantially change the claims or defence. *Beck* v. *Williams*, 5 Blackf. 374; *McKinney* v. *Harter*, 7 Blackf. 385; *Simcoke* v. *Frederick*, 1 Ind. 54; *Nimmon* v. *Worthington*, 1 Ind. 376; *Usher* v. *Cornwell*, 3 Ind. 210; *The State* v. *Bryant*, 5 Ind. 192; *The New Albany and Salem R. R. Co.* v. *Laiman*, 8 Ind. 212; *Riley* v. *Murray*, 8 Ind. 354; *Hubler* v. *Pullen*, 9 Ind. 273; *Harvey* v. *Myer*, 9 Ind. 391; *Jackson* v. *The Ohio and Mississippi R. R. Co.*, 15 Ind. 192; *Haines* v. *Bottorff*, 17 Ind. 348; *Woodward* v. *Wous*, 18 Ind. 296; *Abshire* v. *Mather*, 27 Ind. 381; *The Evansville and Crawfordsville R. R. Co.* v. *Lawrence*, 29 Ind. 622; *Barnes* v. *Bell*, 39 Ind. 328; *Ferguson* v. *Ramsey*, 41 Ind. 511; *Hedrick* v. *Hedrick*, 55 Ind. 78.

" The section we are considering is directory; the second clause strengthens us in this view. Between substituting one next friend for another after the suit is brought, and admitting a next friend after suit is brought, when there was none at first, there is no substantial difference; and, if a new party may be introduced after the commence-

ment of the suit, we do not see why a new next friend may not be. Admitting a next friend after the suit is commenced does not affect either the claim or defence.

"Although amongst the cases cited, *supra*, there is no one directly in point, yet their general course would meet the case we are considering, and uphold the ruling of the court below."

2. That the court gave erroneous instructions to the jury.

The instructions said to have been given by the court, and claimed to have been erroneous, are not properly in the record.

3. That the verdict was unsustained by the evidence. We are of a different opinion.

4. That the damages were excessive.

We can not so decide. A young man was arrested, and thrown into prison, upon an unverified charge of having committed a felony, without a warrant, and afterward released by order of the person who caused his arrest, no judicial investigation being had.

5. In this court the objection is raised for the first time, so far as appears, that this suit for damages was prosecuted by the attorney for the appellee under a champertous contract.

In addition to the fact that it does not appear by the record that the objection was made in the court below, we may state, that it does appear that the contract under which said attorney prosecuted the suit was in writing; that the parties to it were in court; yet it does not appear that the contract was given in evidence, or its production called for, that it might be so given.

It is said by counsel, in their brief for the appellee, that the contract was produced and submitted to the court, who decided that it was not champertous, and, hence, that no further notice was taken of it in the progress of the cause.

This statement may be true, but it is not shown to be so by the record. It was for the court to give a con-

Greenman *v.* Cohee, by his Next Friend.

struction to the written contract, by which construction, when given, the jury would have been bound. *Beatty* v. *Gates*, 4 Ind. 154, and cases cited.

Besides, this is not a matter of which a third party could take advantage. The question could only arise in a suit upon the agreement. See *Scobey* v. *Ross*, 13 Ind. 117.

We discover no available error in the record.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

PERKINS, J.—An earnest petition, and argument in support thereof, have been filed in this cause, for a rehearing, on two points in the opinion and decision rendered therein, viz.:

1.   That which holds that the defect in commencing a suit, by a minor, without a next friend, may be cured by the appearance, and filing, by permission of the court, of the proper undertaking, by a next friend, while the suit is pending.

On full consideration, the court adheres to this decision, as establishing the better rule of practice, and as a decision authorized by our code of practice, and the decisions already made under it.

2.   That which asserts that third parties could not take advantage of champerty in a contract.

This proposition contained in the opinion of the court is erroneous, but the error is harmless in this case. It does not approve of any error committed by the court below.

Champertous contracts may be brought before the court in two or more ways, viz.: by being the foundation of a suit, perhaps of a defence. In such cases the question upon them arises between the parties to them, and they are held void. *Scobey* v. *Ross*, 13 Ind. 117; *West* v. *Raymond*, 21 Ind. 305; *Coquillard's Adm'r* v. *Bearss*, 21

Ind. 479; *Lafferty* v. *Jelley*, 27 Ind. 471; *Rowe* v. *Beckett*, 30 Ind. 154. See *Dumont* v. *Dufore*, 27 Ind. 263.

Another mode in which these contracts may be brought before the court is, where they are not the foundation of a pleading, and questions upon them do not arise between the parties to them, but, as is claimed in this case, where the suit between the parties is prosecuted by the plaintiff against the defendant, by the attorney of the plaintiff, under a champertous contract with him.

The fact came out in this case incidentally upon the trial. When such fact did appear, if it did clearly appear to the court, the court, perhaps of its own motion, might have dismissed the action on the ground of public policy. *Barker* v. *Barker*, 14 Wis. 131; *Webb* v. *Armstrong*, 5 Humph. 379; *Hunt* v. *Lyle*, 8 Yerg. 142.

But the failure to do so was not an error of which the defendant (appellant) can complain. Had the appellant moved for such dismissal, and had the court below denied the motion, the appellant properly reserving an exception to the denial, the question of error in the action of the court would be before us. But no such motion was made by the appellant, and no error of the court below, upon this point, is shown. The non-action of the court was not excepted to at the time.

The petition for a rehearing is overruled.