A. L. McPHERSON, PLAINTIFF IN ERROR, v. THE FIRST NATIONAL BANK OF BEATRICE, DEFENDANT IN ERROR.

1.  Summons in county court. It is sufficient in a summons issued by a county judge, to describe the plaintiff's cause of action in general terms. Summons held sufficient.
2.  ———: MOTION TO QUASH: JUDGMENT. Where a defendant filed a motion to quash a summons, which was overruled, and he refused to appear further in the action, *held*, That judgment against him without showing an entry of a default, would not be disturbed.

ERROR to the district court for Gage county. Tried below, before WEAVER, J., on a petition in error to the county court.

*W. H. Ashby*, for plaintiff in error, cited *Crowell v. Galloway*, 3 Neb., 215. *Lyman v. Milton*, 44 Cal., 630. Sedgwick Statutory and Const. Law, 275. *Wyatt v. Wyman*, 11 Leigh, 585.

*Colby & Hazlett*, for defendant in error.

MAXWELL, CH. J.

On the 26th day of August, 1880, the First National Bank of Beatrice commenced an action against A. L. McPherson, in the county court of Gage county, to recover the sum of $21.50 and interest. Summons was duly issued on the 26th, served on the 27th, which was returnable on the 31st of that month at 10 o'clock A. M. On the return day of the summons McPherson appeared specially by an attorney and moved to quash the summons. *First,* because it did not sufficiently describe the plaintiff's cause of action. *Second,* because it did not notify the defendant to appear before the officer issuing the same at his office in Gage county. The motion was overruled, to which McPherson excepted, and he refusing to appear further in the action, judgment was rendered against him for the sum of $21.60 and costs. The case was taken on error to the district court, where the judgment was affirmed. The cause is brought into this court by petition in error.

The following is a copy of the summons complained of:

"STATE OF NEBRASKA, } ss.
 COUNTY OF GAGE,

The State of Nebraska: To the sheriff or any constable of said county, Greeting: You are hereby commanded to summon A. L. McPherson, defendant, to be and appear before the county court, at Beatrice, in said county, on the 31st day of August, 1880, at 10 o'clock A. M., to answer to the bill of particulars of the First National Bank of Beatrice, Nebraska, plaintiffs, wherein they claim of said defendant the sum of $21.50 with interest at 10 per cent. from August 12th, 1880, as due upon one promissory note, and return then this writ.

This 26th day of August, A. D. 1880.

J. E. COBBEY,
*Judge of County Court.*"

Sec. 910 of the code provides that: "The style of the

summons shall be : "The state of Nebraska, —— county," it shall be dated the day it is issued, and signed by the justice issuing the same; be directed to the constable or sheriff of the proper county, (except in case a person be deputed to serve it, in which case it shall be directed to such person); must contain the name of the defendant or defendants, if known, and if unknown, give a description of him or them, and command the officer, or person serving the same, to summon the defendant or defendants to appear before such justice, at his office, in —— county, at a time specified therein; and must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him."

The plaintiff's cause of action is to be described in such general terms as to apprise the defendant of the nature of the claim against him. At common law, actions were designated as in *assumpsit*, *debt*, etc. The provision above quoted was doubtless intended as a substitute for the common law form. All that is necessary is to designate in a very general way the plaintiff's cause of action. In the summons the cause of action is described as being upon one promissory note, and this is sufficient.

The second objection is not well taken. The defendant was required to appear before the county court, at Beatrice, on the 31st day of August, 1880, at 10 o'clock A. M., etc. This was a sufficient designation of the time and place where he was required to appear, and he seems to have had no difficulty in that respect. The motion to quash the summons, for the reasons stated, was properly overruled. While the summons was sufficient in form to give the court jurisdiction, it, in some respects, does not conform to the statute. The style of summons is required to be: "The state of Nebraska, —— county." This is sufficient to show the venue and also comply with the constitutional provision, that all writs shall run in the

name of the state. The date when the summons is to be returned should be clear and unambiguous; thus: "you will make due return of this writ on or before the——— day of———,"etc.

It is objected, that no default was entered against Mc-Pherson before judgment was rendered against him. The record shows the following facts: "August 31st, 1880, defendant makes special appearance, objecting to juris-diction by motion. Motion overruled. Defendant ex-cepts. Defendant refuses to further proceed or appear in the case, and stands upon his motion. Wherefore, the court being fully advised in the premises, finds, that there is justly due from said defendant to plaintiff, the sum of $21.60," etc.

The record shows that, upon his motion being overruled, McPherson refused to appear further in the case. It was unnecessary, therefore, to enter a default against him. If he wished to have the judgment set aside and be permitted to defend, he still had ten days in which to make the motion. Justice courts are created for the purpose of try-ing minor causes, with as little delay and expense to the parties as is consistent with the proper administration of justice. It is the policy of the law to require trials to be had on the merits, and the proceedings of such courts in all matters, except as to the jurisdiction, will be viewed with great liberality. It is very clear that justice has been done in the premises, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.