R. E. MOORE AND JOHN MICHAELS, PLAINTIFFS, AND CHARLES MICHAELS, APPELLEE, V. J. A. FEDEWA, IMPLEADED WITH OTHERS, APPELLANT.

1. **Attachment.** In a contest between attaching creditors the attachment first levied is entitled to priority.

2. **Process:** CAPTION. A writ commencing "The State of Nebraska, Lancaster County," is sufficient without repeating the words "The State of Nebraska" before the name of the officer addressed.

APPEAL from Lancaster county. Tried below before POUND, J.

*James E. Philpott*, for appellant.

*L. C. Burr* and *J. R. Webster*, for appellee.

MAXWELL, J.

The principal question involved in this case is the priority of attachment liens. It appears from the record that in the year 1876 the defendant Weichbrodt executed a note for the sum of $100 to one Thompson, and to secure the payment of the same made a trust deed to Moore upon certain real estate in Lancaster county. The note was afterwards assigned to John Michaels. In May, 1879, an action was brought in the district court of Lancaster county to foreclose the trust deed, and J. A. Fedewa was made defendant. He filed an answer setting up an interest in the real estate in question by virtue of an attachment levied thereon in an action in which he was plaintiff and Weichbrodt was defendant. The attachment was levied on the 9th day of July, 1878, and judgment was rendered in his favor on the 26th day of October of that year. Charles Michaels, by leave of court, filed an answer, in which he states substantially that on the 29th day of June, 1878, he caused an attachment to be levied upon the real estate in controversy, in an action pending in the district court of Lancaster county, wherein he was plaintiff and Weichbrodt was defendant, and that on the 28th day of October, 1878, judgment was rendered in said action against Weichbrodt and in his favor for the sum of. $279.89 debt, and $107 costs, and the attached premises were ordered to be sold. That in November of that year the premises were sold under the attachment to Charles Michaels for the sum of $427. The sale was thereafter confirmed, and a deed made to the purchaser. He then intervened in the action of foreclosure. The court below found that Charles Michaels was the owner of the equity of redemption, and that Fedewa had no lien or interest in the premises. Fedewa brings the cause into this court by appeal.

The only question for consideration is the priority of liens of the attachment.

Sec. 212 of the code provides that "an order of attachment binds the property attached from the time of service." This being so, there is no doubt that Michaels' attachment was prior in point of time to that of Fedewa, and is therefore the prior lien, and is to be satisfied before that of Fedewa. The costs in the case of *Michaels v. Weichbrodt* seem to be excessive, and we cannot perceive any necessity for incurring so large an amount; and the right of Michaels to charge the same upon the land attached might be doubtful, if the question was raised; but it is not. It appears also, that Fedewa caused an execution issued on his judgment to be levied upon the surplus remaining after the satisfaction of Michaels' judgment, and he received $62.52 thereon.

The attorney for Fedewa contends that the order of sale under which Michaels obtained title "is void on its face, for its style is 'The People of the State of Nebraska.'"

The order is in the following form:

"The State of Nebraska, ⎱
   Lancaster county.    ⎰

"The people of the State of Nebraska to Joseph Hoagland, sheriff, etc."

A writ is defined to be "a mandatory precept isssued by the authority and in the name of the sovereign or the state, for the purpose of compelling the defendant to do something therein mentioned. It is issued by a court or other competent jurisdiction, and is returnable to the same. It is to be under the seal and attested by the proper officer, and is directed to the sheriff or other officer lawfully authorized to execute the same." 2 Bouv. Law Dict., 680.

A writ may be defined to be a mandatory direction to the officer to whom it is addressed, requiring him to perform a particular act, as to summon the defendant, to sell property under the decree of the court, etc. In every case

the writ itself contains directions as to what is required to be done.

At common law all writs ran in the name of the sovereign. Sec. 24, Art. VI, of the constitution provides that "All process shall run in the name of the State of Nebraska." Sec. 880 of the code provides that "The style of all process shall be the 'State of Nebraska......... county.'" The statute merely adds to the constitutional provision a requirement showing the county from which the writ is issued. If the writ is issued by the proper authority, and substantially complies with the law, it is not void. At the most it is voidable. Thus, in *Livingston v. Coe*, 4 Neb., 379, the order of attachment did not run in the name of "The People of the State of Nebraska," as required by the constitution then in force, yet the court properly held that the writ was not void and was curable by amendment. See *State v. Bryant*, 5 Ind., 192. And that it made no difference that the omission was of a form required by the constitution. *Illsly v. Harris*, 10 Wis., 95. But there was no defect in the writ in this case. It ran in the name of the state, followed beneath by the name of the county, and this was sufficient. Would it add anything to the authority of such officer to repeat the words "The State of Nebraska" before his name? We think not, as the authority sufficiently appears. *McPherson v. Bank*, 12 Neb., 202. This being so, the words "The People of the State of Nebraska" before the name of the officer are immaterial. A writ in this form is not to be commended as a model, but it is sufficient after the confirmation of the sale. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.