CAM ALDERMAN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Law: FELONY: INFORMATION. In a prosecution upon an information charging a felony, the district court, after information filed, will not, upon a motion to quash, inquire into the form and validity of the complaint upon which the preliminary examination before a magistrate was had, the crime alleged being the same.

2. ———: DEFECTIVE INDICTMENT: INFORMATION. Where an indictment is returned by a grand jury, which, upon motion to quash, is found to be defective, it is not error for the district court to permit the county attorney to withdraw the indictment and file an information charging the same offense as that contained in the indictment.

3. Burglary: INFORMATION. Sec. 48 of the criminal code describes and defines the crime of burglary. Where a preliminary examination was held upon a complaint charging the crime of burglary with the intent to steal, and the information filed by the county attorney in the district court charges the same offense, but with the intent to commit a rape, it was held that the same crime, to-wit, burglary, was described, both in the complaint and in the information.

4. Criminal Law: CAPTION TO INFORMATION. Where an information was filed in the district court, the caption of which was, "The State of Nebraska," and the prosecution thereunder was conducted in the name of "State of Nebraska," this was held to be sufficient compliance with the provisions of Sec. 24 of Art. 6 of the Constitution, which requires that "all process shall run in the name of the state of Nebraska, and all prosecutions shall be conducted in the name of the state of Nebraska."

ERROR to the district court for Brown county. Tried below before KINKAID, J.

C. H. Bane and Charles E. Magoon, for plaintiff in error.

No appearance for defendant in error.

7

REESE, CH. J.

Plaintiff in error was arrested upon a warrant issued by a justice of the peace, upon a complaint charging him with a violation of section 49 of the criminal code. The complaint was as follows: "The complaint of Elizabeth Alexander, of said county, made before me, A. J. Warrick, a justice of the peace in and for said county and state of Nebraska, Cam Alderman then and there being, did, in the night time, break into a building, to-wit: a dwelling-house, with force and arms, in said county and state, and from said house did take, steal, and carry away two bed quilts, of the value of three dollars; one bed quilt, value of two dollars and fifty cents; two dress skirts, value two dollars; one apron, value twenty-five cents, all of the value of seven dollars and seventy-five cents, being the property of this affiant, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Nebraska."

Upon a preliminary examination, proper cause being found, he was required to appear before the district court and answer to said charge. At the next session of the district court, a grand jury returned an indictment against him, charging that on the 6th day of April, 1887, in the county of Brown, and state of Nebraska, about the hour of twelve o'clock, in the night season of said day, in the said county, into a certain dwelling-house of Elizabeth Alexander and Mabel Alexander, situated therein, unlawfully, feloniously, burglariously, willfully, maliciously, and forcibly did break and enter, with the intent then and there to commit a rape upon Elizabeth Alexander and Mabel Alexander, contrary to the form of the statute, etc.

A motion to quash the indictment was interposed by defendant's counsel. By leave of court, the county attorney withdrew the indictment, and filed his information, alleging substantially the same offense as that charged in

the indictment, but corrected the defects pointed out by the motion to quash. A motion was then made to quash the information, assigning as grounds therefor, *First,* that the grand jury was called at the then term of court, and an indictment found by them, charging the same offense, but which indictment was quashed by the court after the discharge of the grand jury. *Second,* that the information was filed on motion of the county attorney, after the grand jury had been discharged. *Third,* that the filing of the information and the trial of the defendant, at that term of court, was irregular. *Fourth,* that the information was not for the same offense for which defendant had been held to answer by the examining magistrate. This motion was overruled by the district court, to which ruling defendant excepted. Upon arraignment, a plea of not guilty was entered, when the cause was tried to a jury, who returned a verdict of guilty.

There are three questions presented by the brief of plaintiff in error: *First,* that the complaint on which the examination was had before the magistrate was fatally defective, in that it failed to allege any time of the commission of the offense. *Second,* that the county attorney had no authority, in law, to withdraw the indictment and substitute therefor an information. *Third,* that the information charges a different offense from that charged by the complaint filed before the magistrate.

As to the first objection, it must be sufficient to say that we know of no rule of law which would entitle a person accused of a crime to attack the complaint upon which his preliminary examination was had, after the return of the indictment or information. So far as the power of the court to hold its jurisdiction over him is concerned, the complaint had served its purpose, and could not then be made the subject of attack.

The next question is, as to the right of the county attorney to file an information after the grand jury had

returned an indictment for the same offense. It is apparent from the record that the indictment was fatally defective, and that a prosecution under it could not be sustained. But no question can arise as to its validity, as it is conceded to have been defective.

Section 435 of the criminal code provides that, "If there be, at any time, pending against the same defendant two or more indictments for the same criminal act, the prosecuting attorney shall be required to elect upon which he will proceed, and upon trial being had thereon the remaining indictments shall be quashed."

By this section it is apparent that two or more indictments could have been returned by the same grand jury for the same criminal act, and in practice it often occurs that after the return of an indictment by the grand jury the prosecutor, upon discovering what may be a fatal defect therein, causes the grand jury to return another indictment; he can then be required to elect upon which he will proceed. Upon a trial being had, the other indictment or indictments shall be quashed. By the law providing for prosecutions under information, the information must be treated as a substitute for an indictment, and the provisions of the law governing indictments, or applied to prosecutions thereon, is made applicable to prosecutions under informations. Chapter 54 of the criminal code. The provisions of section 435 are thereunder made applicable to informations, the same as to indictments. It could not be questioned but that the prosecutor might file two or more informations for the same criminal act, and the same results would follow as in cases of indictment. The rule would not be varied by reason of the fact that one of the accusations presented against the accused was in the form of an indictment, and the other under the form of an information.

As to the third objection, it is apparent that the offense described in section 48 of the criminal code is that of burglary, with the intent to commit any of the crimes therein

mentioned. This section is as follows: "If any person shall, in the night season, willfully, maliciously, and forcibly break and enter into any dwelling-house, kitchen, smoke house, shop, office, store-house, mill, pottery, factory, water craft, school-house, church or meeting house, barn or stable, warehouse, malt house, still-house, railroad car factory, station-house, or railroad car, with intent to kill, rob, or commit a rape, or with intent to steal property of any value, or commit any felony, every person so offending shall be deemed guilty of burglary, and shall be imprisoned in the penitentiary not more than ten nor less than one year."

The essence of the crime is the breaking into the building in the night season, with a felonious intent. It is true that an intent to kill, rob, commit a rape, or with intent to steal property of any value, or to commit any other felony, must accompany the breaking in order to make it a burglary, under the provisions of the section, but the commission of the act to which the intent must apply is not a necessary element of the crime, the punishment for the accomplished act being provided for elsewhere in the criminal code.

The complaint charged a burglary, under this section; so, also, did the information. The crime charged in the information is identically the same as the one charged in the complaint, the intent with which the burglary was committed being the only difference. This objection, therefore, cannot be sustained.

It is said in the brief of plaintiff in error that there is another objection to the complaint, which, it is contended, is fatal, and that is, that it does not run in the name of "The State of Nebraska," as required by section 24 of article 6 of the Constitution of the state, which is: "All process shall run in the name of the 'State of Nebraska,' and all prosecutions shall be carried on in the name of the 'State of Nebraska.'"

This objection was not made in the motion to quash the information, nor in the motion for a new trial, nor is it presented by the petition in error. It cannot, therefore, be properly considered; yet we are of the opinion that this objection could not be made to the information under consideration for the first time after verdict. There is a substantial compliance with the provisions of the constitution, and the conviction is therefore not void. The prosecution was conducted in the name of the state of Nebraska. The caption of the information is:

"THE STATE OF NEBRASKA, ⎱
    BROWN COUNTY." ⎰

In *Moore v. Fedawa,* 13 Neb., 381, the order of sale referred to in the information contained the following caption:

"THE STATE OF NEBRASKA, ⎱ ss.
    LANCASTER COUNTY. ⎰

"The people of the state of Nebraska to Joseph Hoagland, sheriff," etc.

In writing the opinion of the court, Judge MAXWELL, in discussing the question presented as to the validity of the order of sale, upon an objection that it did not comply with the provision of the constitution above referred to, says: "But there was no defect in the writ in this case; it ran in the name of the state, followed beneath by the name of the county, and this was sufficient. Would it add anything to the authority of such officer to repeat the words 'State of Nebraska' before his name? We think not, as the authority sufficiently appears. *McPherson v. Bank,* 12 Neb., 202. This being so, the words, 'The people of the state of Nebraska,' before the name of the officer, are immaterial."

While the information cannot be recommended as a model for general use, yet it is clear it is not void.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.