JANSEN & CO., PLAINTIFFS IN ERROR, V. HERMAN MUNDT, DEFENDANT IN ERROR.

1.  **Pleading**: PARTNERSHIP: FIRM NAME. An allegation in a bill of particulars "that they (the plaintiffs) are wholesale dealers in furniture, and that their place of business is Lincoln, Nebraska," is sufficient under the statute to allow them to bring an action in the firm name.

2.  **Attachment**: AFFIDAVIT BY ATTORNEY. An affidavit for an attachment made by the attorney for the plaintiff, wherein he "swears that he is the authorized attorney of the plaintiff in the above entitled action; that he has commenced an action," etc., where it appears from the whole affidavit that the action was brought by the plaintiff, is not void.

3.  **Practice**: ENDORSEMENT OF PAPERS. The failure to entitle the papers in a case, or to properly entitle them if it is apparent to what case they relate, is not sufficient to justify the court in dismissing the action.

ERROR to the district court for Seward county. Heard below before NORVAL, J.

*Hamilton & Trevitt*, for plaintiff in error.

No appearance for defendant in error.

MAXWELL, CH. J.

The plaintiffs brought an action against the defendant before a justice of the peace of Seward county, their cause of action being stated as follows: " Plaintiff complains of defendant, and for cause of action states to the court that they are wholesale dealers in furniture, and that their place of business is Lincoln, Nebraska; that defendant is a retail dealer in furniture, residing and doing business in the village of Utica, Nebraska; that plaintiffs, at the request and on the order of the defendant, sold and delivered to him, the said defendant, goods and merchandise to the

value of $200, and that the said amount is now due from the defendant to these plaintiffs, and no part of the same has been paid. The plaintiff therefore asks for judgment against the defendant for $200 and costs of suit. The plaintiffs further state that the defendant is about to and has commenced to dispose of his property with intent to defraud his creditors. The plaintiffs therefore ask that a writ of attachment be issued against the defendant's land and tenements, goods and chattels, rights and credits.

" (Signed) . JANSEN & CO.
" By JOHN DAVIES, their Attorney."

At the same time plaintiffs filed the following affidavit of attachment :

" The State of Nebraska, }
  " Seward County. }

" John Davies, being first duly sworn, deposes and says that he is the authorized attorney of the plaintiff in the above entitled action. That he has commenced an action before H. M. Wright, a justice of the peace in and for E precinct, Seward county, Nebraska, to recover the sum of $200 now due and payable to the plaintiffs from the defendant, upon an account for goods sold and delivered to the defendant by plaintiffs at defendant's request and upon his order. The affiants say that they believe that the said claim is just, that the plaintiff ought, as he believes, to recover thereon the sum of $200, and that the defendant is about to dispose of his property with intent to defraud his creditors.

" JOHN DAVIES.
  " Subscribed, etc."

Plaintiffs filed bond at the same time, as follows :

" Whereas, Jansen & Co. have commenced an action before H. M. Wright, a justice of the peace in and for E precinct, Seward county, Nebraska, against Herman Mundt, to recover the sum of $200, and have filed the necessary

affidavit to obtain an order of attachment against him; now, therefore, we, T. E. Stanard and J. J. Brandt, do undertake to the said Herman Mundt, defendant, in the penal sum of $400, that the plaintiffs shall pay the defendant all damages, not exceeding the above amount, that he may sustain by reason of the attachment in the action, if the order therefor be wrongfully obtained.

"(Signed)    T. E. Stanard,<br>" T. J. Brandt."

That the surety of said bond was duly approved, June 15th, 1885, order of attachment and summons issued, and duly served, as evidenced by officer's return.

That on the 17th day of June, 1885, the following motion was filed:

"Jansen & Co.,<br>    vs.<br>" Herman Mundt. }

" Now comes the said defendant, Herman Mundt, by his attorney, for the purpose of this motion only, and moves the court to dismiss the aforesaid action for want of jurisdiction, and states the following reasons therefor:

" 1.—For want of proper parties plaintiff.

" 2.—Because the facts stated in said affidavit on which said attachment was issued are not true.

" 3.—Because the undertaking filed by John Davies does not purport, nor in fact recite any parties plaintiff.

" 4.—Because said affidavit filed by said John Davies in said action has no plaintiff recited therein.

" (Signed)    Herman Mundt,<br>" By J. S. Bennett, his Attorney."

On the 18th day of June, 1885, the foregoing motion was argued and the following judgment entered:

" The court finds, from the evidence in the case, that the title of the cause was not explicit enough in stating the full name of the plaintiff.

" The court further finds that it does not appear that the company is formed to carry on some trade or to hold some species of property in this state, or is not incorporated.

" The motion is therefore sustained, and it is ordered that the attachment in this action be discharged, and the officer ordered to restore to the defendant the property taken under the attachment. To which the plaintiff excepts. It is therefore by me considered this 18th day of June, 1885, that the case be dismissed and the plaintiff pay the costs herein, taxed at $11.85."

The case was taken on error to the district court, where the judgment of the justice was affirmed.

Sec. 24 of the code provides that "Any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company."

It will be observed that the plaintiffs in their petition say that "they are wholesale dealers in furniture, and that their place of business is Lincoln, Nebraska." This is sufficient to show that they are carrying on business in this state ; and while there is no allegation that the company was formed for the purpose of carrying on business in this state, the formation of the company will be presumed when it is alleged that the company is actually carrying on business in the state. The object of the statute is to enable partnerships doing business in the state to sue or be sued as a distinct entity having some of the characteristics of a *quasi* corporation. The allegation as to the partnership is not as full as could be desired, but there is not an entire failure to allege the existence of such partnership, and the remedy of the defendant was for a more specific statement.

There was not therefore a " want of proper parties plaintiff." The first ground upon which the justice sustained the motion to dismiss is therefore insufficient.

2d.   In the affidavit for an attachment the attorney for the plaintiff swears " that he is the authorized attorney for the plaintiff in the above entitled action ; that he has commenced an action," etc., when he should have stated that the plaintiffs have commenced an action. This, however, does not render the affidavit void. At the most it is voidable, and therefore subject to amendment. But taking the entire affidavit, it clearly appears that the action was brought by the plaintiffs against the defendant, and the defect forms no sufficient cause for dismissing the action.

3d.   That the undertaking does not recite any parties plaintiff.   There is a recital in the undertaking that, " Whereas Jansen & Co. have commenced an action before H. M. Wright, a justice of the peace in and for E precinct, Seward county, Nebraska, against Herman Mundt," etc. The objection seems to be the same as that made to the bill of particulars—that it is not alleged that the partnership was formed for the purpose of doing business in this state. If, however, it was intended to apply to the title of the cause, that is sufficiently set forth. The failure to entitle a proceeding properly may be cause for a motion to amend, but is not cause for dismissing  an action.  *Livingston v. Coe*, 4 Neb., 379.   *McMurtry v. State*, 19 Neb., 147. It is desirable that all pleadings in a case should be entitled in the case; but this, particularly in justice's court, is a matter of convenience, and the failure to entitle papers, or a mistake in that regard, will not be a fatal defect provided that it is apparent in what case they were intended to be filed. Courts are created for the purpose of enforcing and protecting rights, not for the purpose of seizing technical and immaterial defects to defeat them.   Under the code, if the court has jurisdiction of the subject matter and the parties, any defect in the pleadings or process is amendable, and when

necessary the proper amendments should be made at the costs of the party in fault. The rule as to amendments is to be liberally construed in furtherance of justice.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.