WEISZ & MALL CO. v. DAVEY ET AL.

[FILED JANUARY 28, 1890.]

1. **Partnership:** ACTION BY: PETITION. A petition in which the plaintiffs are set out and described as "Weisz & Mall Co., a partnership doing business in the state of Iowa," *held*, bad, on motion to dismiss.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Wigton & Lohr*, and *Fair & Evans*, for plaintiff in error:

While it is true that, under section 24 of the Code, the action should have been brought in the individual names of the partners, yet the mistake was one of form only, and the rights of defendants were in no way prejudiced. Moreover, a plea in abatement, not a motion to dismiss, is the proper remedy. (*Smelt v. Knapp*, 16 Neb., 53; *Gilman v. Cosgrove*, 22 Cal., 357; *Hite v. Hunton*, 20 Mo., 286; *Fow-*

*ler v. Williams*, 62 Id., 403 ; *Haskins v. Alcott*, 13 Ohio St., 210 ; *Porter v. Cresson*, 10 S. & R. [Pa.], 257 ; *Downer v. Morrison*, 2 Gratt. [Va.], 255 ; Hawes, Parties, sec. 88 ; Maxwell, Pl. & Pr. [5th Ed.], 176 ; Chitty, Pl., 248, 451.) There is enough in the allegation to give defendants notice of the capacity of plaintiff to sue in the firm name, and a motion to make more specific would perhaps have been proper. (*Jansen v. Mundt*, 20 Neb., 323.) The Code should be liberally construed in order that substantial justice may be done. (Code, sec. 1 ; *State v. Russell*, 17 Neb., 204.)

*Jay Bros., contra:*

In order to entitle a firm to bring an action, the name of each of its members must be pleaded, or it must be shown that the firm is doing business in this state. (Code, sec. 24 ; *B. & M. R. Co. v. Dick*, 7 Neb., 242 ; *Scofield v. State Nat. Bank*, 9 Id., 316 ; *King v. Bell*, 13 Id., 409 ; *Leach v. Milburn Wagon Co.*, 14 Id., 106 ; *Haskins v. Alcott*, 13 Ohio St., 217.) In *Smelt v. Knapp*, the objection was raised by a plea to the jurisdiction, not by a motion to dismiss. Besides, the latter motion has the same effect as a plea in abatement, and even if defective, was good enough for such a petition.

Cobb, Ch. J.

The plaintiff in error brought suit under the name of Weisz & Mall Co., March 25, 1889, before E. B. Wilson, county judge, to recover the balance of its account as commission merchants, of $80, against Davey & Barry, defendants.

The defendants appeared June 17 following and "moved the court to dismiss the action for the reason that the plaintiff had not set out the names of the partners in the plaintiff's company."

This motion was overruled, and judgment rendered for the plaintiff.

The defendants removed the proceedings to the district court by petition in error, and on July 10, following, the judgment of the county judge was reversed and the cause dismissed at plaintiff's costs. The plaintiff in error now brings the cause to this court, and assigns the following errors of the district court:

1. In sustaining the petition in error.

2. In overruling the decision of the county judge in overruling the defendants' motion to dismiss the action for reasons stated.

The plaintiffs in error, in the brief of counsel, frankly admit that, being an unincorporated company, organized to do business and doing business in the state of Iowa, and not in the state of Nebraska, the case is not within the provisions of section 24 of the Civil Code. They also concede that the bill of particulars was defective in not setting out the names of the persons constituting the plaintiff firm. But they contend that that defect could not be taken advantage of by motion, but only by answer in the nature of a plea in abatement.

It was sought by an early statute of Indiana to dispense with the use of formal declarations in actions at law in that state, and the statute provided that in lieu of a declaration in an action on a promissory note, it would be sufficient to present and file such note, or a copy thereof. Under that statute the case of *Hays et al. v. Lanier et al.,* 3 Blackf. (Ind.), 322, was prosecuted.

Under said statute a company of merchants trading in the name and style of Stapp, Lanier & Co. brought the action there considered, without a declaration, against James W. Hays and Thomas Heck, merchants trading under the style and firm of Hays & Heck, and John Wheatly, upon a promissory note in these words and figures:

"$374.73.

"Three months after date we, or either of us, promise to pay Stapp, Lanier & Co. three hundred and seventy-four dollars and seventy-three cents, with interest from date, for value received.          HAYS & HECK.
                                   "JOHN WHEATLY."

A writ was issued accordingly and served on the defendants, who appeared and moved to quash the writ, which was overruled. They then filed a general demurrer, which was also overruled, and a final judgment rendered, that Stapp, Lanier & Co. recover, etc. On error to the supreme court the judgment was reversed.

The court in the opinion said: "There is no principle more certainly and satisfactorily settled than that in all actions the writ and declaration must both set forth accurately the Christian and surname of each defendant, unless the party is a corporation known to the law by an artificial name, and is authorized to sue and be sued in such corporate name. This rule of law and practice is sustained by reason and justice, and the highest authorities. In the case now before us, the defendants in error are not a corporation known to the law by the artificial name of Stapp, Lanier & Co.; they are natural persons and must sue in their individual names. It is also equally well settled that in all cases of contracts, if it appears upon the face of the writ or declaration that there are other obligees who are not named, it is fatal on demurrer. In this case, the note and writ both show that there are other obligees who are not named; this is fatal on demurrer.  *  *  *

"It is, however, said that the statute authorizes such proceedings as these. That appears to us to be an entire mistake. The statute dispenses with a formal declaration, but it does not dispense with the parties to the suit. Suppose the payees to be idiots, lunatics, or infants, does the statute remove their disabilities and authorize them to sue in their own names without committees, guardians, etc.?

The case is a very plain one; the statute has nothing whatever to do with the subject of the parties to the suit."

In the same court the case of *Hughes v. Walker, Carter & Co.*,4 Blackf.|(Ind.), 51, arose, in an action originally brought in a justice's court in the name of *Walker, Carter & Co.*, as plaintiffs, against *Hughes*. The judgment of the justice was, "That the *plaintiffs* have judgment," etc. Hughes appealed to the circuit court, where he moved to dismiss the cause on the ground that it was brought in the name of the firm, when it should have been brought in the name of the individuals composing the firm. The motion was overruled, and a judgment rendered against him similar to that in the justice's court. On error to the supreme court the judgment was reversed. The court in the syllabus says: "If an unincorporated company sue in the name of the firm, the suit will be dismissed on motion."

This case was followed in those of *Barrackman v. Worthington*, 5 Blackf. (Ind.), 213, and *Tanner v. Swearengen & Co.*, 6 Id., 277.

In the case of *Bentley and others v. Smith and others*, 3 Caines (N. Y.), 170, the declaration in the name of Thomas Bentley, Allen Potter, John P. Becker & Co. was held bad on general demurrer.

We have seen that the supreme court of Indiana made no distinction between a motion to dismiss and a general demurrer as a means of taking advantage of a defect in the names of the parties plaintiff, and I do not think that there is any substantial difference when applied to a question of the character of that which we have here considered. The motion of defendant in error, made in the county court, was sufficient to raise the question and should have been allowed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.