[No. 14299.    Department Two. — August 10, 1891.]

## R. G. CLARK, RESPONDENT, v. ELIZA PALMER ET AL., DEFENDANTS. DOUGLAS GUNN, APPELLANT.

SUMMONS — FORECLOSURE OF MORTGAGE — NOTICE OF APPLICATION TO COURT — SUBSTANTIAL COMPLIANCE WITH CODE — IMMATERIAL VARIANCE. — A notice in the summons in an action to foreclose a mortgage notifying the defendant that "if you fail to appear and answer the complaint, as above required, said plaintiff *will take judgment against you* for the relief demanded in his complaint," is a substantial compliance with subdivision 5 of section 407 of the Code of Civil Procedure, requiring a notice, in actions other than those for the recovery of money or damages only, that "the plaintiff *will apply to the court* for the relief demanded in the complaint"; and the variance from the form of the words prescribed by the code cannot mislead the defendant, if the court is applied to and grants such relief as is given in the code.

ID. — CONSTRUCTION OF CODE — IMPLIED NOTICE. — The rule of construction adopted in section 4 of the Code of Civil Procedure, which enacts that "its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice," is applicable to section 407 of the Code of Civil Procedure, regulating the contents of a summons; and it will be implied from a notice in a summons that the plaintiff will take judgment for the relief demanded in his complaint that he will take it in a lawful and not in an unlawful manner.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Works, Gibson & Titus,* for Appellant.

The notice in the summons was clearly insufficient. (*People* v. *Weil,* 53 Cal. 253; *Porter* v. *Hermann,* 8 Cal. 619; *Lyman* v. *Milton,* 44 Cal. 632; *Ward* v. *Ward,* 59 Cal. 141.) The summons in this case notified the defendants that something would be done by the clerk which he

had no authority to do, viz., enter up judgment without any presentation of the plaintiff's cause of action to the court. This could not be done in a case of this kind. (Code Civ. Proc., sec. 585; *People* v. *Weil*, 53 Cal. 253.)

*D. C. Collier*, and *Haines & Ward*, for Respondent.

Since the summons states that the action is "for the relief demanded in the complaint," the notice is in legal effect comprised in it that the application will be to the only source whence that relief can be obtained, to wit, to the court. (Code Civ. Proc., sec. 565, subd. 2.) As the complaint was served with the summons upon defendant Gunn, and the application for the relief given by the judgment was in fact made to the court, and as no objection is made to the nature or extent of the relief actually granted by the court, the supposed defect in the summons could not and did not effect or prejudice any substantial right of the defendant. (*McCoun* v. *New York etc. R. R. Co.*, 50 N. Y. 176; *Brown* v. *Eaton*, 37 How. Pr. 327.) Section 475 of the Code of Civil Procedure should be liberally construed. (Code Civ. Proc., secs. 4, 475. S e *McCoun* v. *New York etc. R. R. Co.*, 50 N. Y. 176; *Polack* v. *Hunt*, 2 Cal. 193; *Lyman* v. *Milton*, 44 Cal. 635.)

VANCLIEF, C. — This action was brought in the county of San Diego by Clark against Eliza M. Palmer, Douglas Gunn, and C. E. Johnson to foreclose a mortgage executed by Eliza M. Palmer to secure the payment of her promissory note to the plaintiff for the sum of five thousand dollars and interest. The ground upon which Gunn and Johnson were made parties defendant is expressed in the complaint, as follows: "That Douglas Gunn and Charles Edward Johnson have, or claim to have, some interest in or claim upon said premises as mortgagees or otherwise, which claims or interest were acquired by them subsequent to the mortgage of plaintiff."

No relief is asked affecting Gunn and Johnson, except that plaintiff's mortgage be first satisfied from the proceeds of a sale of the mortgaged property.

The summons, with a copy of the complaint, was served on Gunn in said county. The summons contained the following notice: "And you are hereby notified that if you fail to appear and answer the said complaint as above required, said plaintiff *will take judgment against you for the relief demanded in his complaint.*"

The summons also contained a specific statement of the nature of the action, and of Gunn's interest in it as subsequent mortgagee.

The defendant Gunn failing to appear within the time required by law, his default was regularly entered, and thereupon a decree of foreclosure in the usual form was rendered *by the court* on the thirty-first day of December, 1889.

On the twenty-third day of December, 1890, the defendant Gunn filed his notice of this appeal from the judgment of foreclosure.

The only point made by the appellant is, that the notice in the summons does not comply with subdivision 5 of section 407 of the Code of Civil Procedure, which, in a case of this kind, requires a notice that "the plaintiff will *apply to the court* for the relief demanded in the complaint."

The Code of Civil Procedure, section 4, enacts that "its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice"; and the courts have emphatically sanctioned the application of this rule of construction to section 407 of the Code of Civil Procedure, and to a similar section in the code of New York. (*Berwick* v. *Muir*, 83 Cal. 368; 18 Am. St. Rep. 192; *King* v. *Blood*, 41 Cal. 315; *McCoun* v. *New York etc. R. R. Co.*, 50 N. Y. 176.) So construed, I think the notice that plaintiff would "take judgment . . . . for the relief demanded in his complaint" was,

in substance, a notice that he would "*apply to the court*" for that relief. That being the only *lawful* mode by which he could take it (Code Civ. Proc., sec. 585), the notice, as expressed, implies that he intended to take it in that mode, and not in any unlawful manner.

As the record shows that the plaintiff did apply to the court for his relief, that the court did grant such relief as was given, and that the relief given did not differ from or exceed that demanded in the complaint, it seems inconceivable that the defendant could have been misled or injured by the variance of the summons from the form of words prescribed by the code.

I think the judgment should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.