NEW SOUTH BUILDING & LOAN ASS'N *v.* WILLINGHAM *et al.*

Neither the petition nor the answer of the debtors being verified in positive terms, and the hearing having taken place without any evidence by affidavit or otherwise establishing the facts alleged in the petition, the judge erred in appointing a receiver and granting an injunction as against the rights and over the objection of the plaintiff in error.          *Judgment reversed.*
October 30, 1893.

Equitable petition. Before Judge RICHARD H. CLARK. Fulton county. At chambers, July 19, 1893.

Willingham, Jones and many others filed a petition in behalf of themselves and all other lien creditors, against Brown *et al.*, and against the New South Building & Loan Association and others, making application for injunction and receiver as well as for other relief. The affidavit to the petition was made by Willingham and Jones, deposing "that the facts stated in the above and foregoing petition, so far as they relate to their own act or deed, are true; so far as they relate to matters discovered in the clerk's office of the superior court, they are advised and believe them to be true; and in all other of its averments and charges they verily believe it to be true." Upon the hearing no testimony was offered, and the application for injunction and receiver was heard and determined upon the original petition and amendments thereto, the demurrers of the

building and loan association and another company, and the answers of the defendants.   Plaintiffs' attorneys stated in open court that they would file an amendment enlarging the scope of the petition and asking for a general receivership of all the property of L. P. Brown and associates, and the court orally granted leave to file such amendment.   They also stated that they would file amendments setting forth copies of the liens claimed and deeds and mortgages referred to, should the same be held necessary, and that they had not done so simply to abbreviate the pleadings, but had referred to the records for the same.   Certain amendments were filed, but were not verified more positively than was the petition.   The pleadings were read.   The court stated that the case seemed to be a proper one for injunction and receiver, and that he would hear from those who opposed the same.   After hearing from the defendants, the court granted an injunction and appointed a receiver, except as to certain realty, and without prejudice to the right of any party to move separately to except such property as they might desire.   The building and loan association assigned as error the order granting the injunction and appointing a receiver, because the case as presented to the judge did not authorize such grant and appointment as against the association, and for other reasons stated.

ULYSSES LEWIS and JOHN L. HOPKINS & SON, for plaintiff in error.   KING & ANDERSON, GLENN & SLATON, SIMMONS & CORRIGAN and ARNOLD & ARNOLD, contra.