Decided 30 November, 1903.

## ADAMS v. KELLY.

[74 Pac. 399.]

EFFECT OF APPEARANCE ON JURISDICTION.

1. One who enters a general appearance in a pending case thereby confers on the court jurisdiction over his person.

OBJECTION TO JURISDICTION—QUESTION FIRST URGED ON APPEAL.

2. The objection that the trial court did not have jurisdiction of the proceeding may be first urged in the petition for a writ of review, considering Section 72, B. & C. Comp.

SUFFICIENCY OF COMPLAINT—TITLE OF COURT.

3. The incorrect statement in a complaint of the name of the court in which it is filed is a formal but not a jurisdictional defect, and a judgment rendered on such a pleading, after a general appearance without objection to the title, cannot be impeached by a writ of review, although Section 67 of B. & C. Comp. provides that the complaint shall contain the title of the cause, specifying the name of the court and the names of the parties.

The following instance illustrates the rule: A complaint entitled "In the Justice of the Peace Court for the District of the Town of G.," having been filed with an officer whose title was "Recorder of the City of G. and Ex Officio Justice of the Peace," and a summons having issued signed by the officer over his proper title, the defendant appeared by a general demurrer to the facts, and stood on his pleading when it was overruled, whereupon judgment was entered as prayed. Defendant then took the case up by writ of review, insisting that the court was without jurisdiction, owing to the mistake in the title of the court, but it was *held* that the mistake in the title was a mere formal defect, amendable on motion, and that defendant was bound, having appeared and tried the case without urging this point.

STATUTES—CONSTITUTIONALITY OF MUNICIPAL CHARTER.

4. The act creating the City of Greenhorn, providing that it shall constitute a justice of the peace and constable district, and that the recorder and marshal thereof shall be *ex officio* justice of the peace and constable, respectively, is constitutional and not in violation of Const. Or. Art. IV, §§ 20 or 23, Subd. 1, or of Art. VII. § 1.

From Baker: ROBERT EAKIN, Judge.

This is a proceeding by a writ of review instituted in the circuit court by E. Adams against W. H. Kelly and others to review certain proceedings had before Kelly, who, it is alleged, assumed to act as justice of the peace in and for Greenhorn City Justice District, Baker County, Oregon, when he was not such an officer, and was wholly without authority to act in that capacity. Kelly was at the time the duly elected and qualified Recorder of the City of Greenhorn, which was constituted a justice of the peace and constable district. He was, by virtue of his office, justice of

the peace in and for the district; and the defendant W. D. McMillan was marshal of the city, and *ex officio* constable within the district. On March 16, 1903, the defendant Sanders filed in Kelly's office a paper purporting to be a complaint, entitled, " In the Justice of the Peace Court for the District of the Town of Greenhorn, Baker County, State of Oregon. W. A. Sanders, Plaintiff, vs. E. Adams, Defendant. Action for Forcible Entry and Detainer." This was verified before " W. H. Kelly, Recorder of the City of Greenhorn and Ex Officio Justice of the Peace." The filing is denoted by the words, " Filed March 16th, 1903. W. H. Kelly, Recorder and Ex Officio J. P." Kelly thereupon issued a summons, similarly entitled, commanding the defendant " to appear before the undersigned, a justice of the peace for the district aforesaid," which is signed, " W. H. Kelly, Recorder of the City of Greenhorn and Ex Officio Justice of the Peace for the District of the City of Greenhorn District, Baker County, Oregon." This was placed in the hands of McMillan, which he served, as shown by his return, as marshal of the City of Greenhorn, and *ex officio* constable. The defendant appeared and filed a motion to dismiss, and the plaintiff was allowed to amend his complaint, whereupon a demurrer was interposed, which being overruled, and defendant refusing to plead further, judgment was rendered as prayed for. The docket entries appear from the return of the officer to be entitled " In the Justice Court for the City of Greenhorn," but the judgment entry is signed, " W. H. Kelly, Recorder and Ex Officio Justice of the Peace for the City of Greenhorn, Baker County, Oregon," and Kelly certifies to the record as recorder and *ex officio* justice of the peace. A writ of restitution was also issued, entitled and signed in like manner as the other papers in the case, and the plaintiff in the action was put into possession of the premises. The circuit court, having denied the defend-

ants' motion to dismiss the writ of review, rendered judgment reversing the judgment given and rendered by Kelly, and restoring possession to the plaintiff in the writ, from which defendants appeal.          REVERSED.

For appellants there was a brief over the name of *Olmsted & Strayer*, with an oral argument by *Mr. W. H. Strayer.*

For respondent there was a brief and an oral argument by *Mr. Wm. Smith.*

MR. JUSTICE WOLVERTON, after stating the facts as above, delivered the opinion of the court.

The only serious controversy involved by the record is whether Kelly was authorized to entertain the action attempted to be instituted by Sanders against Adams for forcible entry and detainer. Kelly, without question, acted, not as a justice of the peace, but in his capacity as Recorder for the City of Greenhorn and *ex officio* justice of the peace. This is manifest from his signature, wheresoever appended —whether to his jurat attached to the complaint, the filings, summons, judgment, or writ of restitution. Wherever he speaks officially by the record it is as Recorder of the City of Greenhorn and *ex officio* justice of the peace; and there was no attempt on his part to act as justice of the peace, or in any other character or capacity than as indicated. True, he commanded the defendant to appear before him, a justice of the peace; but, when he appeared, Kelly took cognizance and exercised his functions as recorder and *ex officio* justice of the peace. So the question resolves itself to this: Whether Kelly was without jurisdiction to entertain the cause of action and render judgment therein upon a complaint filed before him as Recorder for the City of Greenhorn and *ex officio* justice of the peace, entitled in manner as this was—In the Justice Court for the District of the Town of Greenhorn.

1. The defendant appeared in the action, so that the

court obtained jurisdiction of his person, and it remains to be determined whether it had jurisdiction of the cause.

2. The statute provides that the complaint shall contain (1) the title of the cause, specifying the name of the court and the names of the parties to the action ; (2) a plain and concise statement of the facts constituting the cause of action; and (3) a demand for the relief claimed: B. & C. Comp. § 67. All objections to the complaint, when not taken by demurrer or answer, are deemed to be waived, except such as challenge the jurisdiction of the court or the complaint on the single ground that it does not state facts sufficient to constitute a cause of action : B. & C. Comp. § 72. A demurrer was interposed by the defendant in the action to the complaint, but it does not appear upon what ground, and no error is predicated upon the court's disposition thereof; the jurisdictional question being raised for the first time by the petition for the writ of review.

3. The object of the title is to identify the pleading with the action and the court, and it has very generally been treated as formal in character. Thus, it was held in *McLeran* v. *Morgan*, 27 Ark. 148, that the entire omission to state the name of the court in the declaration was a formal defect, merely, which the trial court was competent to correct on motion, and that, where no objection was made on that account in such court, it could not be urged for the first time on appeal. To the same purpose is Phillips, Code Pl. § 170, and 4 Ency. Pl. & Pr. 592. So, it was held in *Van Namee* v. *People*, 9 How. Prac. 198, that where the name of the court was omitted in the complaint, it appearing to have been stated in the summons, the defendant was not prejudiced, as no substantial right was affected by the defect, and that the court might properly disregard it. This case was followed in *Van Benthuysen* v. *Stevens*, 14 How. Prac. 70, where the court say: "Though there is a technical omission in the complaint, yet the defendant could

not have been injured by it." Again, in *Smith* v. *Watson,* 28 Iowa, 218, where a petition to foreclose a mortgage contained in the body thereof the essential allegations describing the parties, setting forth the facts constituting the cause of suit, the relief sought, etc., but was addressed, " To the Judge of the District Court of Polk County, Iowa," and failed to name the parties plaintiff and defendant in the title, it was held that the defects were merely formal, and that the court did not err in refusing to dismiss the suit on motion of the defendant. So, in *New South B. & L. Assoc.* v. *Willingham,* 93 Ga. 218 (18 S. E. 435),—a case where there was no appearance, and judgment went by default—the court refused to disturb the judgment of the lower court, because the petition characterized the court as the City Court of Fulton County, its true designation being the City Court of Atlanta; the process having correctly described it as such. So, also, in *Robinson* v. *Peru Plow & Wheel Co.* 1 Okl. 140 (31 Pac. 988), where the petition was entitled, " In the United States District Court, in and for the Second Judicial District of the Territory of Oklahoma," but the summons described the court as " The District Court of the Territory of Oklahoma, United States of America, for the Fifth County Thereof," and the cause was treated as pending in that court, which had jurisdiction of the subject-matter and of the parties, it was held that the words in the petition and other parts of the record misdescribing the court should be rejected as surplusage, and the suit treated as brought in the territorial, and not in the federal, side of the district court. A similar ruling was made in *Clark* v. *Comford,* 45 La. Ann. 502 (12 South. 763).

As illustrative of the principle that the designation of the name of the court is formal in character, *Livingston* v. *Coe,* 4 Neb. 379, is singularly apt. The question there came up on a motion to dismiss the attachment in an action in-

stituted upon a promissory note, because the petition was entitled in the "Supreme Court of the State of New York," which was filed in the district court for Thayer County, State of Nebraska, the court saying: "This was good ground for a motion to require the plaintiff to amend his petition, but it was not sufficient to warrant a dissolution of the attachment." So, in *McMurtry* v. *State*, 19 Neb. 147 (26 N. W. 915), an answer was filed in the district court, but entitled in the county court; and it was held that it was amendable, and that judgment for plaintiff by default could not properly be rendered while it was so on file. And in a later case (*Jansen* v. *Mundt*, 20 Neb. 320, 30 N. W. 53), it was held that the failure to entitle the papers in the case, or to entitle them properly, the cause to which they related being apparent, was insufficient to justify the court in dismissing the action. These cases all tend irresistibly to the one conclusion, namely, that the stating of the name of the court in the complaint is a formal, and not a jurisdictional, matter. The complaint in the case at bar admittedly states facts sufficient to constitute a good cause of action, and, having been treated as filed in the recorder's court, the defendant having appeared therein, and all the proceedings having been had therein, and the acts authenticated by W. H. Kelly, recorder and *ex officio* justice of the peace, the validity of the judgment rendered cannot now be impeached through the objection made to the complaint for the first time in the circuit court on the ground that the name of the court was incorrectly stated therein.

4. There is an intimation, but not seriously urged, that the act creating the City of Greenhorn, providing that it shall constitute a justice of the peace and constable district, and that the recorder and marshal shall be *ex officio* justice of the peace and constable, respectively, in and for such district, is unconstitutional. The question, however,

is settled to the contrary by *Clemensen* v. *Peterson*, 35 Or. 47 (56 Pac. 1015), and cases there cited.

Based upon these considerations, the judgment of the circuit court must be reversed, and it is so ordered.

REVERSED.

---

Decided 7 December, 1903.