WILLIAM E. MCJUNKIN, APPELLANT, v. PLACEK & FITL, APPELLEE.

FILED DECEMBER 18, 1907. No. 15,020.

Partnership, Action by: PLEADING. To authorize a copartnership to maintain an action in the partnership name, it is necessary for it to set forth in the pleadings in some manner that it was formed for the purpose of carrying on trade or business or for the purpose of holding property in this state.

APPEAL from the district court for Saline county: LESLIE E. HURD, JUDGE. Reversed.

Lafe Burnett and J. H. Broady, for appellant.

J. H. Grimm & Son, contra.

GOOD, C.

Placek & Fitl commenced this action in justice court to recover on an account. The defendant, by motion and objection, properly raised the question that plaintiff had not legal capacity to sue. His motion and objection were overruled and judgment was rendered for the plaintiff.

Defendant took the case on error to the district court, where the ruling of the justice court was sustained and the petition in error dismissed. Defendant appeals to this court.

The only question for consideration is: Did the record disclose that plaintiff had capacity to maintain the action? Plaintiff's bill of particulars was entitled as follows: "Placek & Fitl, a firm composed of Mike Placek and James Fitl, Plaintiffs, William McJunkin, Defendant." There is no allegation or reference in the bill of particulars as to the organization, business or character of the plaintiff. The action is prosecuted in the name of a copartnership. Under the common law this was not permissible. The rule of the common law has been abrogated in this state by section 24 of the code, which permits a partnership to sue and be sued in its partnership name. This court has held, in *Burlington & M. R. R. Co. v. Dick & Son*, 7 Neb. 242, that the statute, being in derogation of the common law, should be strictly construed. A strict construction of the statute requires the plaintiff, when it is a partnership, to set forth in the pleadings the facts which would show that it comes within the provisions of the statute. Under this section of the statute it is necessary that the pleadings should in some way disclose that the copartnership was formed for the purpose of carrying on trade or business or for the purpose of holding property in this state. The bill of particulars is silent in this respect. It fails to show that it was formed for the purpose of carrying on trade or business or for the purpose of holding property in this state. It therefore fails to disclose that the partnership is authorized to maintain the action. The construction of this statute has been before this court on a number of occasions, and the views herein expressed find support in the following cases: *Burlington & M. R. R. Co. v. Dick & Son, supra; Jansen & Co. v. Mundt*, 20 Neb. 320; *Weisz & Mall Co. v. Darcy*, 28 Neb. 566. It follows that the judgments of the justice court and of the district court were both wrong and should be reversed.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings consistent with this opinion.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.