Argued October 29, decided November 26, 1912; rehearing denied January 14, 1913.

### FIRST NAT. BANK OF JOSEPH v. RUSK.

(127 Pac. 780.)
(129 Pac. 121.)

**Appeal and Error—Technicalities—Constitutional Law—Process.**

1. Under Section 3, Article VII, of the Constitution, as amended, providing that, if the judgment appealed from was

right, it shall be affirmed, notwithstanding error committed during the trial, the court may. affirm a judgment, although the trial court rendered a default judgment on a summons which did not state the county, and which notified defendant that plaintiff "will take judgment against you as prayed for in its complaint," instead of stating the specific sum due; the defendant having been personally served with the complaint, which stated the matters omitted in the summons.

**Process—Summons—Defects—Construction With Complaint.**

2. The copy of the summons served on defendant must be read in connection with the complaint attached thereto, in order to explain any apparent ambiguity in the summons, so that the omission to state the county in the summons, and its statement that on failure to answer judgment would be taken as prayed for in the complaint, instead of for a definite sum as provided by the statute, were defects cured by the complaint served with the summons, stating the venue and the sum for which judgment was asked.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by the First National Bank of Joseph, against John P. Rusk, for money had and received.

The complaint begins with a title which reads thus:

"In the Circuit Court of the State of Oregon, for Union County. First National Bank of Joseph, a corporation, Plaintiff, *v.* John P. Rusk, Defendant."

In that pleading a cause of action is then stated for a balance due and unpaid on money had and received by the defendant to the use of the plaintiff, concluding with a demand for judgment in the sum of $34.45, with interest thereon at 6 per cent per annum from October 24, 1911, and for costs and disbursements.

The summons reads thus:

"In the Circuit Court of the State of Oregon, for the county of ————. First National Bank of Joseph, Oregon, a corporation, Plaintiff, *v.* John P. Rusk, Defendant. To John P. Rusk, Defendant: In. the name of the State of Oregon, you are hereby required to appear and answer

the complaint filed against you in the above entitled court and cause within ten days from the date of the service of this summons upon you, if served within this county, or if served within any other county of this State, then within twenty days from the date of the service of the summons upon you; and if you fail to answer, for want thereof the plaintiff will take judgment against you as prayed for in its complaint.    (Signed) A. M. Runnells, Attorney for Plaintiff."

This summons was issued on the 24th day of April, 1912, and on the same day was returned into the circuit court and filed therein with the following return indorsed thereon:

"State of Oregon, County of Union—ss.:    I, S. P. Childers, sheriff of said State and county, do hereby certify that I served the within summons within the said State and county on the 24th day of April, 1912, on the within named defendant, John P. Rusk, by personally delivering a copy thereof, prepared and certified to by me as sheriff, together with a copy of the complaint, prepared and certified to by A. M. Runnells, attorney for plaintiff, to John P. Rusk, personally and in person. (Signed) S. P. Childers, Sheriff of Union County, State of Oregon, by C. P. Newlin, Deputy."

No appearance having been entered or pleading filed by or on behalf of the defendant, the circuit court entered a judgment as for want of an answer on May 31, 1912, whereby it was determined that the plaintiff have and recover from the defendant the sum of $34.45, with interest thereon at the rate of 6 per cent per annum from October 24, 1911, until paid, together with the costs and disbursements, taxed at the sum of $10.20.    From this judgment the defendant has appealed.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John P. Rusk.*

For respondent there was a brief and an oral argument by *Mr. A. M. Runnells.*

Mr. Justice Burnett delivered the opinion of the court.

It was admitted by the defendant in person at the hearing of this case in this court, that the return of the sheriff indorsed upon the summons was strictly true as therein stated. There are two things of which he complains on his appeal. One is that the blank left for the name of the county in the title of the cause as the same appears in the summons was not filled, and the other is that the summons notifies the defendant that the plaintiff will "take judgment against you as prayed for in its complaint," instead of stating that the plaintiff would take judgment for a specific sum of money. The deduction which the defendant makes from these premises is that the circuit court had no jurisdiction over his person and none to render the judgment.

Conceding, without deciding, that, prior to the amendment of Article VII of the constitution of this State, adopted by the initiative process at the November election, 1910, the conclusion urged by the defendant would be the proper one to be deduced from the precedents heretofore established in this court, yet we think the constitution referred to has materially altered the situation. In part, Section 3 of the amended Article VII reads thus:

"Until otherwise provided by law, upon appeal of any case to the Supreme Court either party may have attached to the bill of exceptions, the whole testimony, the instructions of the court to the jury and any other matter material to the decision on the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial or if in any respect the judgment appealed from should be changed and the Supreme Court shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment

to be entered in the same manner and with like effect as decrees are now rendered in equity cases on appeal to the Supreme Court."

The will of the people as thus expressed in the constitution has sounded the death knell of many technicalities, which are best honored in their breach rather than in their observance. It removes from this court the fetters of hair-splitting niceties, and enables it to proceed according to common-sense rules of natural justice, having due regard to the spirit of the law rather than its letter. Confessedly the defendant was personally served with the complaint, a document which informed him at large with what the plaintiff charged him, in what court he was charged, and of the relief demanded by the plaintiff. Technically considered, the circuit court may have erred in rendering judgment on such a summons; but by the constitution alluded to we have authority to affirm the judgment "notwithstanding any error committed during the trial." In may be, too, that for the purpose of enforcing substantial justice it will in some cases hereafter be deemed proper to adhere to the former precedents; but the case at bar presents no features debarring the use of the plenary power confided to us by the people to disregard any error.

The judgment appealed from is affirmed. AFFIRMED.

----

Decided January 14, 1913.

## ON PETITION FOR REHEARING.

### (129 Pac. 121.)

MR JUSTICE BURNETT delivered the opinion of the court. In five pages of typewritten ululation, the defendant asks for a rehearing of his appeal, criticising our former opinion, reported 127 Pac. 780. The ground of his critique, as he states it, is that "no regard or thought was

given of the merits, the justice, or the effect of confirming this appeal; the controlling idea being, it appears, that if the amount involved had been multiplied by ten or a hundred that the result would have been just the opposite of what it actually is now." No additional authorities are cited, but we will re-examine the original briefs and restate our conclusion.

The abstracts disclose that on April 24, 1912, the plaintiff filed in the circuit court of Union County a complaint entitled "In the Circuit Court of the State of Oregon for Union County. First National Bank of Joseph, a corporation, Plaintiff, *v.* John P. Rusk, Defendant." This complaint stated a cause of action as follows:

"That the plaintiff is now and has been during all the times herein mentioned a corporation duly organized and existing under and by virtue of the national banking laws of the United States; that the defendant is and at all the times herein mentioned was an attorney of the Supreme Court of the State of Oregon; that on or about October 24, 1911, in Umatilla County, Oregon, the said defendant received from one D. H. Mansfield, as the attorney of said plaintiff, the sum of $87 to the use of said plaintiff, which he, the said defendant, agreed to pay to plaintiff on demand; that thereafter and before this action was commenced the said plaintiff demanded payment thereof from the said defendant; that the said defendant has not paid the said sum or any part thereof, except the sum of $52.55; that the sum of $34.45, with interest thereon at the rate of 6 per cent per annum from October 24, 1911, is now due, owing, and unpaid; wherefore the said plaintiff prays judgment against the said defendant for the sum of $34.45, with interest thereon at the rate of 6 per cent per annum from October 24, 1911, until paid, and for costs and disbursements of this action."

On the same day a summons was issued and delivered to the sheriff, which reads thus:

"In the Circuit Court of the State of Oregon for the County of ————. First National Bank of Joseph,

Oregon, a corporation, Plaintiff, *v.* John P. Rusk, Defendant.   To John P. Rusk, Defendant: In the name of the State. of Oregon, you are hereby required to appear and answer the complaint filed against you in the above-entitled court and cause within ten days of the date of service of this summons upon you, if served within this county, or if served within any other county of the State, then within twenty days from the date of the service of this summons upon you, and if you fail to answer, for want thereof, the plaintiff will take judgment against you as prayed for in the complaint.

"(Signed) A. M. Runnels, Attorney for Plaintiff."

On the date of its issuance this summons was returned into the circuit court and filed therein with the following return indorsed thereon:

"State of Oregon, County of Union—ss.   I, S. P. Childers, sheriff of said State and county, do hereby certify that I served the within summons in the said State and county on the 24th day of April, 1912, on the within-named defendant, John P. Rusk, by personally delivering a copy thereof prepared and certified by me as sheriff, together with copy of the complaint compared and certified to by A. M. Runnells, attorney for plaintiff, to John P. Rusk, personally and in person.

"(Signed) S. P. Childers, Sheriff of Union County, State of Oregon, by C. P. Newman, Deputy."

It does not appear that the defendant gave any attention to the papers thus served upon him, but appealed from the default judgment entered against him on May 31, 1912.   It is not suggested that the defendant was surprised, or was a victim of inadvertence or excusable neglect, and no application seems to have been made to set aside the default or grant leave to answer; hence the validity of the judgment appealed from must be determined from the papers already quoted.   The defendant bases his contention here on the grounds that the blank left for the name of the county in the title of the cause as it appears in the summons was not filled, and that he

is notified by that document that the plaintiff will "take judgment against you as prayed for in its complaint," in place of saying that the plaintiff would ask judgment for a specific sum of money.

"The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action and the title thereof. It shall be subscribed by the plaintiff or his attorney and directed to the defendant and shall require him to appear and answer the complaint as in this section provided, or judgment for want thereof will be taken against him. If the defendant be served within the county in which the action is commenced he shall appear and answer the complaint within ten days from the date of the service; but if he be served within any other county in the State he shall appear and answer the complaint within twenty days from the date of the service." Section 52, L. O. L.

"There shall also be inserted in the summons a notice in substance as follows: 1. In any action for the recovery of money or damages only the plaintiff will take judgment for the sum specified therein if the defendant fails to answer the complaint. 2. In other actions that if the defendant fail to answer the complaint the plaintiff will apply to the court for the relief demanded therein." Section 53, L. O. L.

Ever since the adoption of the Code of Civil Procedure in this State, it has been the rule, as declared in Section 556, L. O. L., that "upon an appeal from a judgment the same shall only be reviewed as to questions of law appearing from the transcript and shall only be reversed or modified for errors substantially affecting the rights of the appellant." A summons is not a process or writ issuing out of any court, but is a notice promulgated by the plaintiff and addressed to the defendant, requiring him to appear and answer, not the summons, but the complaint filed against him. Apropos to the controversy here, Section 545, L. O. L., provides a rule of construction that "a notice or other paper is valid and effectual

although defective either in respect to the title of the action or suit in which it is made, or the name of the court or the parties, if it intelligibly refer to such action or suit." In good reason the copy of the complaint delivered with the copy of the summons in the service should be deemed a part of the notice to the defendant, and should be read with the summons to explain any apparent ambiguity in the latter document. It is said by Judge DEADY, in *Swift* v. *Meyers* (C. C.), 37 Fed. 27, 40, "a copy of the complaint having been served at the same time, the defendant was fully informed of the nature of the decree that might be taken against him in case he failed to answer." See, also, *Higley* v. *Pollock*, 21 Nev. 198 (27 Pac. 895) ; *Clark* v. *Palmer*, 90 Cal. 504 (27 Pac. 375) ; *Behlow* v. *Shorb*, 91 Cal. 141 (27 Pac. 546) ; *Kimball* v. *Castagnio*, 8 Colo. 525 (9 Pac. 488), and *Miller* v. *Zeigler*, 3 Utah, 17 (5 Pac. 518), treating of cognate questions. With all the information contained in these two papers in his possession, the defendant could not have been misled as to the nature of the relief demanded, or as to the court in which the proceedings were instituted. Conceding the slips mentioned are errors, they are not such errors as would substantially affect the rights of the appellant, for which only would we be authorized to reverse the judgment, under the terms of Section 556, L. O. L.

In *Adams* v. *Kelly*, 44 Or. 66 (74 Pac. 399), the question was whether a court obtained jurisdiction over the subject-matter of a cause when the court itself was wrongly named. Mr. Justice WOLVERTON reviews many precedents on this subject, and concludes that "these cases all tend irresistibly to the one conclusion, namely, that the stating of the name of the court in the complaint is a formal and not a jurisditional matter." The analogy holds good when, as in this case, the mere

omission from the heading of the summons of the name of the county in which the designated court is holden is supplied by an accompanying document.

Much reliance is placed by the defendant upon the case of *Smith* v. *Ellendale Mill Co.*, 4 Or. 70. In that case the complaint was entitled and filed in the circuit court of Marion County, while the summons served upon the appellant was entitled in the circuit court of the State of Oregon for the county of Multnomah, and required the appellant to appear in the court of the latter county, instead of Marion County, where the judgment was rendered. The summons was served in Marion County. That case is distinguishable from the one at bar from the fact that there it affirmatively appeared that the summons was a notice to the defendant to appear in an entirely different court in another county, and not in the court rendering the judgment. Here no contradiction between the complaint and the summons exists as in that case. The name of the county as part of the court's designation in one of the papers is simply left blank, and this is rationally explained by the terms of its companion paper, to which reference is made in the summons itself.

*White* v. *Johnston,* 27 Or. 294 (40 Pac. 511: 50 Am. St. Rep. 726), cited by defendant, was a case where the party sought to be charged by service of the summons was not named in that paper. *Eggleston* v. *Wattawa,* 117 Iowa, 676 (91 N. W. 1044), was based upon a summons which required the defendant to appear in a court unknown to the law of that state. In *Dix* v. *Palmer,* 5 How. Prac. (N. Y.) 233, no court whatever was named. In *Tallman* v. *Hinman,* 10 How. Prac. 89, the court held that a summons not naming any court was only voidable; and hence a judgment rendered on such a summons was not appealable. The conditions noted, as appearing in

those citations, in defendant's brief fairly distinguished them from the case at bar.

In addition to what has already been said to the effect that the fault of a summons in not specifying a particular sum of money for which judgment was desired was obviated by the reference to the complaint, where the prayer for judgment disclosed the exact amount, we observe that Section 185, L. O. L., provides that in an action arising upon a contract for the recovery of money or damages only the clerk may, upon application, enter a judgment by default for the amount demanded in the complaint. In other actions, including all actions sounding in damages for torts, and opposed to actions on contracts or for debt, the judgment by default must be entered by the court itself, instead of by its officer, the clerk. Taken in connection with Section 53, L. O. L., prescribing the notice to be inserted in the summons respecting the amount of the recovery desired, the reason for this distinction is that if the amount is specified in an action for the recovery of a certain sum of money only, and no answer is made, the entry of judgment becomes a mere clerical act, and may as well be performed by the clerk as by the court; while in other actions the exact amount of the recovery must depend upon a judicial investigation, which can be conducted only by an officer having judicial authority. The reason of the rule fails in that connection when we find, as in this case, that the judgment was rendered by the court, which, if nothing else were shown, would certainly be right under a summons which declared that the plaintiff would apply to the court for the relief demanded in the complaint.

This distinction is pointed out and elaborated in the case of *Schuttler* v. *King*, 12 Mont. 149 (30 Pac. 25), where the court explains in substance that, while a clerk can enter a default judgment, where the summons

specifies the particular amount to be recovered, in an action on contract and the like, yet the court may enter a judgment in such an action, although the summons makes the general designation prescribed in the second subdivision of Section 53, L. O. L.

We adhere to the former opinion.

                              AFFIRMED: REHEARING DENIED.